JULIE ARIAS YOUNG (State Bar No. 168664)
jyoung@yzblaw.com
KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@yzblaw.com
YOUNG, ZINN & BATE LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendant
YALE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Yale University, by and though the President and Fellows of Yale College; and Does 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367 AND 1441 (FEDERAL QUESTION, SUPPLEMENTAL, AND DIVERSITY JURISDICTION); DECLARATIONS OF ALEXANDER E. DREIER AND KAREN J. PAZZANI** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JOHN DOE AND HIS ATTORNEYS OF RECORD GARY KURTZ, ESQ. AND THE LAW OFFICE OF GARY KURTZ:**

**PLEASE TAKE NOTICE** that Defendant YALE UNIVERSITY ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, based on federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441. The factors that entitle Defendant to remove this action are as follows:

## I.  STATE COURT ACTION

1. On April 24, 2015, Plaintiff JOHN DOE ("Plaintiff") filed a complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, entitled *John Doe vs. Yale University, by and through the President and Fellows of Yale College; and Does 1 to 100, inclusive*, (the "Action") which was designated as Case No. BC579833. The Complaint alleges five causes of action: (1) Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*; (2) Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*; (3) Breach of Contract; (4) Promissory Estoppel; and (5) Negligence. (A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Karen J. Pazzani ("Pazzani Decl.").)

## II.  TIMELY REMOVAL OF STATE COURT COMPLAINT

2. On August 17, 2015, the Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement of Location, Notice of Case Assignment, and information regarding Los Angeles Superior Court's

voluntary efficient litigation stipulations were sent to Defendant in New Haven, Connecticut by first-class mail. (True and correct copies of said documents, in the form received by Defendant, along with the post-marked envelope that Yale received, are attached as Exhibits A through G to the Pazzani Decl.) Pursuant to California Code of Civil Procedure section 415.40, service was deemed complete on August 27, 2015, the 10th day after such mailing. This was the first date on which Defendant was served with any of the pleadings in this Action.

3. On or about September 4, 2015, Plaintiff also mailed Yale a Notice of Case Management Conference, Proof of Service of Summons, Case Management Statement, and Declaration of Gary Kurtz Regarding Order to Show Causes Re Service of Process and Failure to File Case Management Conference Statement. (True and correct copies of said documents are attached as Exhibits H-K to the Pazzani Decl.)

4. Exhibits A through L to the Pazzani Decl. encompass all process, pleadings, and orders served on or by Defendant in the Action. In addition to the documents that were served on or by Defendant in the Action, the docket in the Action reflects that the Los Angeles Superior Court issued a Notice of Case Management Conference dated April 29, 2015 and a Minute Order re OSC re Proof of Service dated August 18, 2015. Defendant was not served with these documents but obtained copies of them through the Los Angeles Superior Court website and true and correct copies are attached to the Pazzani Decl. as Exhibits M and N.

5. This Notice of Removal is being filed within thirty (30) days of the date Defendant first ascertained that the Action is removable, *i.e.*, the date service on Defendant became complete, and within one (1) year after the Action was filed and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

6. The Complaint and each alleged cause of action contained therein may be removed under 28 U.S.C. §§ 1331, 1367, and 1441(a) and (c) as follows:

   a. Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state to federal court.

   b. Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over any civil action presenting a question of federal law.

   c. The district courts of the United States have original jurisdiction over Plaintiff's first cause of action, which purports to state a claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* based on Defendant's alleged wrongful conduct in connection with Plaintiff's expulsion, because it presents a question of federal law. *See, e.g., Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1217 (10th Cir. 2014) (stating "the district court had federal-question jurisdiction under 28 U.S.C. § 1331 over the … Title IX claims.")

   d. The district courts of the United States also have original jurisdiction over Plaintiff's second cause of action, which purports to state a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* based on Defendant's alleged wrongful conduct in connection with Plaintiff's expulsion, because it presents a question of federal law. *See, e.g., Thomas v. Advance Housing, Inc.*, 440 Fed.Appx. 86 (3rd Cir. 2011) (holding the district courts have jurisdiction over claims arising under Title VI of the Civil Rights Act).

e. The district courts of the United States have supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367, and jurisdiction over any separate and independent claims as provided in 28 U.S.C. § 1441(c). More specifically, all of Plaintiff's claims are "part of the same case or controversy" in that they are all predicated upon Defendant's alleged wrongful conduct in connection with Plaintiff's expulsion.

f. Accordingly, the district courts of the United States have jurisdiction over this entire Action.

## IV. DIVERSITY JURISDICTION

7. The district courts of the United States also have original jurisdiction over this Action under 28 U.S.C. § 1332 based on diversity of citizenship jurisdiction. The Action is properly removable because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth below.

a. Defendant is informed and believes, and thereon alleges, that as of April 24, 2015, when the Complaint was filed, and now, Plaintiff was a citizen and resident of the State of California. The Complaint states that Plaintiff resides in California. (Pazzani Decl., Ex. A, ¶ 1.)

b. At the time the Complaint was filed and now, Defendant Yale University was and is a corporation specially chartered by the General Assembly of the Colony and State of Connecticut with its principal place of business in New Haven, Connecticut. (Declaration of Alexander E. Dreier, ¶ 2.) For purposes of diversity jurisdiction, the citizenship of a corporation is both the state in which the corporation is incorporated and the state where it has its principal place of business.

*See Co-Efficient Energy Systems v. CSL Industries, Inc.*, 812 F.2d 556, 559-560 (9th Cir. 1987). Thus, because Defendant was and is incorporated in Connecticut and its principal place of business was and is in Connecticut, Defendant is a citizen of Connecticut.

      c.     The presence of unidentified Doe defendants in this case has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 2003) (the citizenship of "doe" defendants is irrelevant to the determination of whether removal is proper). Thus, complete diversity of citizenship exists because the operative parties, Plaintiff and Defendant, are citizens of different states.

      d.     The amount in controversy between the parties exceeds the minimum sum of $75,000, exclusive of interest and costs. In this lawsuit, Plaintiff is seeking special and compensatory damages. (Pazzani Decl., Ex. A, Prayer for Relief.) With respect to his damages, he alleges that as a result of Defendant's alleged wrongful conduct, he lost, among other things, "all moneys he has paid to obtain a Yale degree (including, but not limited to, tuition, living expenses, books, transportation costs)." (Pazzani Decl., Ex. A, ¶¶ 177(c), 186(c), 192(c), 199(c), 204(c).) He further alleges that his "partial education at Yale University has cost in excess of $100,000." (Pazzani Decl., Ex. A, ¶¶ 10.) It is apparent from these allegations that the amount in controversy exceeds $75,000.

      e.     Accordingly, the district courts of the United States have jurisdiction over this entire Action.

## V. NOTICE TO PLAINTIFF AND SUPERIOR COURT

8. This Notice of Removal has been given to both the adverse party and to the state court pursuant to 28 U.S.C. § 1446(d). (Exhibit L to the Pazzani Decl.)

## VI. JOINDER

9. The presence of unidentified "Doe" defendants in this case has no bearing on this Notice of Removal as said defendants need not join in this Notice. *Fristoe v. Reynolds Metal. Co.*, 615 F.2d 1209, 1213 (9th Cir. 2003) (presence of unidentified "doe" defendants is irrelevant to the determination of whether removal is proper).

## VII. VENUE

10. Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 84(c)(2) and 1441(a). However, Defendant reserves the right to challenge venue in this Court on the grounds that it is not a convenient forum under 28 U.S.C. § 1404(a).

WHEREFORE, Defendant gives notice that the above action, which was pending in the Superior Court of the State of California, County of Los Angeles, is removed to this Court

DATED: September 16, 2015

JULIE ARIAS YOUNG
KAREN J. PAZZANI
YOUNG, ZINN & BATE LLP

By: /s/ Karen J. Pazzani
KAREN J. PAZZANI
Attorneys for Defendant
YALE UNIVERSITY

# DECLARATION OF ALEXANDER E. DREIER

I, ALEXANDER E. DREIER, declare and state as follows:

1. I am the Vice President and General Counsel for Defendant YALE UNIVERSITY ("Yale"). I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2. Yale is, and on April 24, 2015 was, a corporation specially chartered by the General Assembly of the Colony and State of Connecticut. In addition, as of April 24, 2015 and now, Yale's principal place of business was and is located in New Haven, Connecticut. Yale's administrative offices are located in New Haven, Connecticut and its corporate officers direct, control, and coordinate its activities from New Haven, Connecticut.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this /5 day of September 2015, at New Haven, Connecticut.

ALEXANDER E. DREIER

# DECLARATION OF KAREN J. PAZZANI

I, KAREN J. PAZZANI, declare as follows:

1. I am an associate at the law firm of Young, Zinn & Bate LLP, counsel of record for Defendant YALE UNIVERSITY ("Yale" or "Defendant"), and am one of the attorneys responsible for the defense of this action. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2. On April 24, 2015, Plaintiff JOHN DOE ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California, for the County of Los Angeles, designated as Case No. BC579833 (the "Action"). A true and correct copy of said Complaint, in the form received by Defendant, is attached hereto as Exhibit A and incorporated herein by this reference.

3. On August 17, 2015, the Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement of Location, Notice of Case Assignment, and information regarding Los Angeles Superior Court's voluntary efficient litigation stipulations were sent to Defendant in New Haven, Connecticut by first-class mail. This is the first date on which Defendant was served with any of the pleadings in the Action. True and correct copies of said documents, in the form received by Defendant, along with a copy the post-marked envelope that Yale received, are attached hereto as Exhibits A – G and incorporated herein by this reference.

4. On or about September 4, 2015, Plaintiff mailed Yale a Notice of Case Management Conference, Proof of Service of Summons, Case Management

Statement, and Declaration of Gary Kurtz Regarding Order to Show Causes Re Service of Process and Failure to File Case Management Conference Statement. True and correct copies of said documents are attached hereto as Exhibits H-K.

5. A true and correct copy of Defendant's Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court, is attached hereto as Exhibit L.

6. Exhibits A – L attached hereto, constitute all process, pleadings and orders served on, or by, Defendant in the Action. In addition to the documents that were served on or by Defendant in the Action, the docket in the Action reflects that the Los Angeles Superior Court issued a Notice of Case Management Conference dated April 29, 2015 and a Minute Order re OSC re Proof of Service dated August 18, 2015. True and correct copies of those documents, which my office obtained through the Los Angeles Superior Court website, are attached hereto as Exhibits M and N.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2015, at Los Angeles, California.

_____
KAREN J. PAZZANI

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On September 16, 2015, I hereby certify that I electronically filed the foregoing document described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § §§ 1331, 1332, 1367 AND 1441 (FEDERAL QUESTION, SUPPLEMENTAL, AND DIVERSITY JURISDICTION); DECLARATIONS OF ALEXANDER E. DREIER AND KAREN J. PAZZANI** with the Clerk of the Court for the United States District Court, Central District of California. Participant(s) in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action at the email addressed below:

| | |
|---|---|
| Gary Kurtz, Esq.<br>Law Office of Gary Kurtz<br>A Professional Law Corporation<br>30101 Agoura Court, Suite 130<br>Agoura Hills, California 91310<br>Email: gary@garykurtzlaw.com | Representing Plaintiff<br>JOHN DOE |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2015, at Los Angeles, California.

_____
Jessica Alvarez