JULIE ARIAS YOUNG (State Bar No. 168664)
jyoung@yzblaw.com
KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@yzblaw.com
YOUNG, ZINN & BATE LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone:  (213) 362-1860
Facsimile:   (213) 362-1861

Attorneys for Defendant
YALE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| John Doe,<br><br>          Plaintiff,<br><br>    vs.<br><br>Yale University, by and though the President and Fellows of Yale College; and Does 1 to 100, inclusive,<br><br>          Defendants. | Case No.  2:15-cv-7263-SVW(AGRx)<br><br>**DEFENDANT YALE UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO DISTRICT OF CONNECTICUT PURSUANT TO 28 USC § 1404(a)**<br><br>Date:      October 19, 2015<br>Time:      1:30 p.m.<br>Judge:    Hon. Stephen V. Wilson<br>Ctrm:      6 |

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. STATEMENT OF RELEVANT FACTS ALLEGED IN THE COMPLAINT ......................................................................................................1

III. THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF CONNECTICUT ................................................................................3

 A. Venue Is Proper, But Inconvenient, In The Central District Of California .................................................................................................4

 B. This Action Could Have Been Brought In The District of Connecticut . ..............................................................................................4

 C. Balancing Of The Private And Public Factors Strongly Favors Transfer. ..................................................................................................5

 1. The Relevant Events Pertinent To Plaintiff's Causes Of Action All Occurred In Connecticut And None Of The Parties' Contacts With California Are Related To This Dispute. ...................................................................................6

 2. Convenience To The Parties And Witnesses Supports Transfer. .........................................................................................6

 3. This Court Lacks Compulsory Process Over Non-Party Witnesses. ........................................................................................8

 4. Most Of The Sources Of Proof Are Located In Connecticut. ........................................................................................9

 5. California Courts Have No Interest In The Controversy. ........9

 6. Plaintiff's Choice Of Forum Is Not Entitled To Deference. ....9

IV. CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*American University System, Inc. v. American University*,
    858 F.Supp.2d 705 (N.D. Tex. 2012) ................................................................. 9

*Decker Coal Co. v. Comm. Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ........................................................................... 5, 6

*E. & J. Gallo Winery v. F. & P. S.p.A.*,
    899 F.Supp. 465 (E.D. Cal. 1994) ...................................................................... 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ........................................................................................ 5

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*,
    820 F.Supp. 503 (C.D. Cal. 1992) ...................................................................... 4

*Helfant v. LA & So. Life Ins. Co.*,
    82 F.R.D. 53 (E.D.N.Y 1979) ............................................................................ 7

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ............................................................................................ 4

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ........................................................................... 5, 6

*Klein v. Domino's Pizza, Inc.*,
    769 F.Supp. 152 (D. Vt. 1991) ........................................................................... 7

*Los Angeles Memorial Coliseum Commission v. National Football League*,
    89 F.R.D. 497 (C.D. Cal. 1981) ......................................................................... 7

*Pacific Car & Foundry Co. v. Pence*,
    403 F.2d 949 (9th Cir. 1968) ......................................................................... 7, 10

*Polizzi v. Cowles Magazines, Inc.*,
    345 U.S. 663 (1953) ............................................................................................ 4

*Promuto v. Waste Management, Inc.*,
    44 F.Supp.2d 628 (S.D.N.Y. 1999) ................................................................... 8

*Saleh v. Titan Corp.*,
    361 F.Supp.2d 1152 (S.D. Cal. 2005) ................................................................ 9

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988) .............................................................................................. 3

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ............................................................................................ 4

*Williams v. Bowman,*
    157 F.Supp.2d 1103 (N.D. Cal. 2001) ............................................................. 10

**STATUTES**

28 U.S.C. § 1331 ..............................................................................................5

28 U.S.C. § 1391 ..........................................................................................4, 5

28 U.S.C. § 1391(b)(1) ....................................................................................5

28 U.S.C. § 1391(b)(2) ....................................................................................5

28 U.S.C. § 1404(a) .........................................................................................3

28 U.S.C. § 1441(a) .........................................................................................4

**RULES**

Fed.R.Civ.P 45(c) ............................................................................................8

## I. INTRODUCTION

Plaintiff is a former student of Yale University ("Defendant" or "Yale"). He attended Yale in New Haven, Connecticut, where Yale is located, and was expelled by Yale after a detailed investigation (conducted by Yale in Connecticut) revealed that he sexually assaulted a fellow student while on Yale's campus. In this matter, Plaintiff is seeking damages and an injunction against Yale based on his contention that Yale engaged in unlawful conduct in connection with his expulsion.

Given that the assault and investigation that led to Plaintiff's expulsion occurred in Connecticut, the vast majority of the witnesses identified in Plaintiff's Complaint and the documentary evidence relevant to this matter are located in Connecticut as well. In fact, ***nine*** of the fourteen key witnesses indentified in Plaintiff's Complaint reside in Connecticut and only one – Plaintiff – is alleged to have ever resided in California. Thus, for the convenience of the parties and witnesses, the case should be transferred to the District of Connecticut – the district where the relevant events occurred, where the majority of the parties and witnesses reside, where the witnesses are subject to compulsory process, where the sources of proof are located, and the district with the greatest interest in this controversy.

## II. STATEMENT OF RELEVANT FACTS ALLEGED IN THE COMPLAINT

Plaintiff began attending Yale, a private university located in New Haven, Connecticut, in August 2009. (Compl. ¶ 2, 11.) During his matriculation at Yale, Plaintiff was active in Yale's Native American community. (Compl. ¶ 6, 21.) He worked in the Native American Cultural Center and was a supporter of the then Director of the Native American Cultural Center and Associate Dean of Native Students ("Dean of Native Students"). (Compl. ¶¶ 17, 21, 23, 25.) Through Yale's Native American community, Plaintiff became acquainted with other Native American students, including a female student he identifies as "Accuser" and her

1

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

friends Dinee Dorame ("Dorame") and Christopher Brown ("Brown"). (Compl. ¶ 16, 17.)

On January 15, 2012, a few months after Accuser and Plaintiff met, Accuser reported to Yale that she had been sexually assaulted by Plaintiff. (Compl. ¶ 63.) The assault occurred on the night of January 13-14, 2012 on the university campus in New Haven, Connecticut. (Compl. ¶¶ 36-51.) Consistent with Yale's policies, Accuser's complaint against Plaintiff was referred to the University Wide Committee on Sexual Misconduct ("UWC") for investigation. The UWC appointed Beverly Hodgson ("Hodgson"), a former Connecticut Superior Court Judge, to act as a fact-finder in the matter. (Compl. ¶ 66, 82.) Hodgson began to investigate the complaint in 2012. However, due to the related criminal charges pending against Plaintiff in Connecticut, her investigation could not be concluded until 2014, when the criminal matter was also resolved. (Compl. ¶¶ 82, 118-119, 129.)

After Hodgson completed her investigation, she submitted a report to the UWC panel[1] with her factual findings. (Compl. ¶ 129.) Thereafter, again consistent with Yale's policies, the UWC panel conducted a hearing to review the information contained in Hodgson's report with Plaintiff and Accuser and to obtain their statements about the events that occurred on January 13-14, 2012. (Compl. ¶ 71, 130.) After the hearing, the UWC panel's role was to make a recommendation to Yale's Dean at the time – Mary Miller ("Miller") – regarding what disciplinary action, if any, should be imposed against Plaintiff. (Compl. ¶ 135.) Both Plaintiff and Accuser attended the hearing and made statements to the UWC panel regarding their sexual encounter on January 13-14, 2012. (Compl. ¶¶ 130, 132-133.) While

---

[1] Although not specified in Plaintiff's Complaint, five individuals made up the UWC panel: Paul Genecin, the Chair of the UWC panel, and members Margit Dahl, Enriquez de la Cruz, Ksenia Sidorenko, and Andrea Stavoe. (*See* Declaration of Harold Rose ("Rose Decl."), ¶ 4.)

2
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Accuser did not have an adviser at the hearing, Plaintiff was accompanied by a Faculty Advisor, Mia Genoni ("Genoni"). (Compl. ¶ 130.)

Based on the information submitted and considered at the hearing, the UWC panel recommended to Miller that Plaintiff be expelled from Yale for sexually assaulting Accuser. (Compl. ¶ 135.) Miller adopted the UWC's recommendation and formally expelled Plaintiff on May 27, 2014. (Compl. ¶ 147.) Consistent with Yale's policies, Plaintiff was then given the opportunity to appeal his expulsion to Yale's Provost, Benjamin Polak ("Polak"). (Compl. ¶¶ 148-150.) Plaintiff's appeal was considered and ultimately denied. (Compl. ¶ 144.)

In his lawsuit, Plaintiff alleges that his sexual encounter with Accuser on January 13-14, 2012 was consensual and that Accuser, Dorame, and Brown conspired to make a false report against him so that they could take control of the Native American Cultural Center and have the Dean of Native Students removed from his position. (Compl. ¶¶ 22, 25-26, 55, 57, 161.) He further alleges that Yale's conduct during the investigation of Accuser's complaint and its ultimate decision to expel him was unlawful. Based on these allegations, he has asserted five causes of action against Yale for: (1) Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*; (2) Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*; (3) Breach of Contract; (4) Promissory Estoppel; and (5) Negligence.

### III. THE COURT SHOULD TRANSFER THIS ACTION TO THE DISTRICT OF CONNECTICUT

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer claims to another district based upon an "individualized, case by case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). The purpose of § 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612,

615 (1964) (citation omitted). To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992). All three factors are present here and the interest of justice dictates that this action should proceed in Connecticut, the state where the relevant actions took place, where the vast majority of the witnesses reside, and the state that has the greatest interest in the outcome of this action.

### A. Venue Is Proper, But Inconvenient, In The Central District Of California

Where an action is removed to federal court from a state court, the appropriate venue is determined pursuant to 28 U.S.C. § 1441(a), rather than the general venue statute, 28 U.S.C. § 1391. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953). Plaintiff originally filed this action in the Superior Court of the State of California, Los Angeles County. Therefore, removal venue is proper (although not convenient) in this Court pursuant to 28 U.S.C. § 1441(a).

### B. This Action Could Have Been Brought In The District of Connecticut.

To satisfy the second prong of the transfer of venue test, the transferee court must have personal jurisdiction over the defendant and subject matter jurisdiction over the claim. *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960). Venue in the transferee court must also be proper. *Id.*; *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465 (E.D. Cal. 1994) (the transferee court is one "where action might have been brought" if it "would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper.")

1 The District of Connecticut satisfies these requirements. First, the District of Connecticut has subject matter jurisdiction over this action because Plaintiff's first and second claims present a question of federal law. *See* 28 U.S.C. § 1331. In addition, diversity subject matter jurisdiction would continue to exist in the District of Connecticut because Plaintiff and Defendant are citizens of different states. (*See* Compl. ¶ 1; Rose Decl., ¶ 2.)

Second, the District of Connecticut has personal jurisdiction over Defendant because Defendant is incorporated in and maintains its principal place of business in Connecticut. (Rose Decl., ¶ 2.); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-2854 (2011) (personal jurisdiction over a corporation exists in the state of incorporation and where the corporation maintains its principal place of business). Finally, venue is appropriate in the District of Connecticut under 28 U.S.C. § 1391 because Defendant is a resident of Connecticut and all of the events giving rise to Plaintiff's claim occurred in Connecticut. *See* 28 U.S.C. § 1391(b)(1),(2); (Compl. ¶ 36-45, 61, 63, 74-75, 79, 82, 105, 108, 118-119.) Thus, the District of Connecticut is a court where this action could have (and should have) been brought.

### C. Balancing Of The Private And Public Factors Strongly Favors Transfer.

Because an alternative venue exists, the Court must evaluate whether a transfer would promote the interest of the parties and the public interest in the administration of justice. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Comm. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Ninth Circuit has identified several non-exclusive factors to be considered in determining whether a transfer would promote the parties' and the public's interests. Those factors include: (1) the respective parties' contacts with the forum; (2) the contacts relating to the plaintiff's cause of action in the chosen forum; (3) the convenience of the parties and witnesses; (4) the availability of

compulsory process to compel attendance of unwilling non-party witnesses; (5) the ease of access to sources of proof; (6) any local interest in the controversy; and (7) the plaintiff's choice of forum. *Jones*, 211 F.3d at 498-99; *Decker Coal Co.*, 805 F.2d 843. The balancing of these factors strongly favors a transfer to the District of Connecticut.

### 1. The Relevant Events Pertinent To Plaintiff's Causes Of Action All Occurred In Connecticut And None Of The Parties' Contacts With California Are Related To This Dispute.

Here, none of the parties' contacts with California relate to this dispute. While Plaintiff apparently resided in California before attending Yale and returned there from time to time, the relevant events occurred in Connecticut. (Compl. ¶ 1, 11,101-104.) By Plaintiff's own admission in his Complaint, his sexual encounter with Accuser occurred in Connecticut, Accuser reported the sexual assault in Connecticut, Yale's investigation of his conduct occurred in Connecticut, and he was criminally prosecuted in Connecticut. (Compl. ¶¶ 28, 36-53, 61, 63, 74-75, 79, 82, 105, 108, 118-119, 130-135.) Plaintiff has not alleged (nor can he) that Yale has had any contacts with California related to this dispute. The only allegation in the Complaint regarding Yale's purported contacts with California states that "Yale recruits and accepts students and financial contributions from citizens and residents of the state of California." (Compl. ¶ 4.) Yale's recruiting efforts in California are wholly unrelated to this action, which involves a dispute about how Yale treated one individual student based on conduct that occurred in Connecticut. Put simply, nothing relevant to Plaintiff's claims against Yale occurred in California.

### 2. Convenience To The Parties And Witnesses Supports Transfer.

The convenience of the parties and the witnesses is one of the most important factors in ruling on a motion to transfer venue and dictates a transfer in this matter.

6
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

*See Los Angeles Memorial Coliseum Commission v. National Football League,* 89 F.R.D. 497, 501 (C.D. Cal. 1981).  Other than Plaintiff, not a single witness identified in the Complaint resides in California.  In fact, based on the allegations in the Complaint, the primary witnesses in this matter are likely to be Plaintiff, Hodgson, the five individuals on the UWC panel, Miller, Genoni, Polak, Accuser, Dorame, Brown, and the Dean of Native Students.  (*See* Declaration of Karen J. Pazzani ("Pazzani Decl."), ¶¶ 2-9.)  Of the fourteen witnesses identified in the Complaint, *nine* reside in Connecticut.  Specifically, Hodgson, four members of the UWC panel, Miller, Genoni, Polak, and Accuser all continue to reside in Connecticut.  (Rose Decl., ¶¶ 4-8.)  Of the witnesses (other than Plaintiff) who have left Connecticut since the relevant events occurred, one resides in Michigan, one resides in Montana, one has a legal residence in New Mexico, and one has a legal residence in Arizona.  (Rose Decl., ¶¶ 5, 7-8.)  None of the witnesses, except Plaintiff, reside in California.

Thus, if this case proceeds in California, it would require all likely witnesses to travel hundreds or thousands of miles, from Connecticut, Michigan, Montana, New Mexico, and Arizona, to testify and/or appear at trial in California, a forum having nothing to do with the dispute.  This would cause significant expense and inconvenience to the witnesses and, because many of the witnesses remain employed at Yale, would disrupt Yale's operations.  *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968) (reversing denial of transfer where many witnesses, including several members of defendant's corporate staff, would have to travel to original forum in order to give testimony with consequent disruption of the conduct of its operations); *Helfant v. LA & So. Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y 1979) ("The obvious disruption caused to [witnesses'] daily work routine and that of the corporations they work for is persuasive evidence that such a transfer would promote the parties' convenience."); *Klein v. Domino's Pizza, Inc.*, 769 F.Supp. 152, 153 (D. Vt. 1991) (transferring case to district where the

7

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

majority of the witnesses reside even though plaintiff resides in district where action was initially brought.)

While Plaintiff may argue that litigation in Connecticut would inconvenience him, this argument is belied by the fact that Plaintiff is currently prosecuting a related action in Connecticut.  (Pazzani Decl., ¶ 10.)  Given that Plaintiff is already pursuing litigation in Connecticut (against some of the same witnesses identified in his Complaint here) and has counsel there, it would not substantially inconvenience him to transfer this matter to the same state.  By contrast, requiring all the witnesses to travel to California, and at least *nine* of them to travel across the country from Connecticut to California, would be a significant inconvenience to the witnesses and to Yale.[2]

In view of the serious inconvenience litigating this matter in California would present to the witnesses and Yale, this matter should be transferred to the District of Connecticut.

### 3. This Court Lacks Compulsory Process Over Non-Party Witnesses.

This Court also lacks compulsory process over at least two non-party witnesses – Hodgson and Accuser.  Both reside in Connecticut and are not employed by Yale.  (Rose Decl., ¶¶ 6, 8.)  Thus, they would be subject to compulsory process in Connecticut, not California, and a transfer to Connecticut would assist both parties in securing the attendance of non-party witnesses at a deposition and trial.  *See* Fed.R.Civ.P 45(c).  In fact, even Yale itself is not subject to compulsory process in California because it is not subject to personal jurisdiction here.  "[C]ourts have unanimously determined that [an out-of-state] institution is not

---

[2] Plaintiff may also argue that his expert witnesses are located in California.  However, the convenience of expert witnesses is given little to no weight in deciding whether a transfer is appropriate.  *See Promuto v. Waste Management, Inc.*, 44 F.Supp.2d 628, 639-40 (S.D.N.Y. 1999) ("the convenience of expert witnesses is entitled to little weight, if any.")

subject to general personal jurisdiction where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university." *American University System, Inc. v. American University,* 858 F.Supp.2d 705, 713-14 (N.D. Tex. 2012).  A transfer to the District of Connecticut, where Yale is subject to personal jurisdiction, would alleviate these personal jurisdiction issues.[3]

### 4. Most Of The Sources Of Proof Are Located In Connecticut.

Based on the allegations in the Complaint, virtually all of the relevant documents and evidence are also likely to be in Connecticut.  (Rose Decl., ¶ 4.)  In addition, as described above, the majority of the relevant witnesses reside in Connecticut.  Thus, the sources of proof are located in Connecticut and this factor supports a transfer.

### 5. California Courts Have No Interest In The Controversy.

As discussed herein, the events related to this matter occurred in Connecticut, not California.  Thus, this is not a "localized controversy," and this Court has no interest in retaining this case or in burdening California jurors with a trial of this action.  *See Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1167 (S.D. Cal. 2005) (granting a transfer where relevant events occurred outside of California and it would therefore "place an unnecessary burden on jurors [in California] to hear" the action).  By contrast, Connecticut has an interest in the controversy because the events occurred there and Yale is a resident of Connecticut.  This factor supports a transfer to the District of Connecticut.

### 6. Plaintiff's Choice Of Forum Is Not Entitled To Deference.

The only factor relevant to the Court's analysis of a motion to transfer venue

---

[3] Yale is concurrently filing a stipulation to extend its deadline to file a responsive pleading.  If the Court has not ruled on this motion by Yale's deadline to file a responsive pleading, Yale will timely file a motion to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) or seek a further extension of its deadline to file a responsive pleading.

that might support allowing this case to proceed in California is Plaintiff's decision to initiate his lawsuit in California. However, a plaintiff's choice of forum "is not the final word." Where "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). In addition, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman,* 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). As discussed herein, the relevant events occurred in Connecticut, not California. Thus, Plaintiff's decision to initiate this lawsuit in California, particularly when he is already pursuing a related action in Connecticut, appears to be nothing more than forum shopping. Under these circumstances, Plaintiff's choice of forum should be given minimal consideration and, in view of the other factors strongly favoring a transfer, this action should be transferred to the District of Connecticut.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an order transferring this action to the District of Connecticut.

DATED: September 17, 2015

JULIE ARIAS YOUNG
KAREN J. PAZZANI
YOUNG, ZINN & BATE LLP

By:   /s/ Karen J. Pazzani
KAREN J. PAZZANI
Attorneys for Defendant
YALE UNIVERSITY

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On September 17, 2015, I hereby certify that I electronically filed the foregoing document described as **DEFENDANT YALE UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO DISTRICT OF CONNECTICUT PURSUANT TO 28 USC § 1404(a)** with the Clerk of the Court for the United States District Court, Central District of California. Participant(s) in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action at the email addressed below:

| | |
|---|---|
| Gary Kurtz, Esq.<br>Law Office of Gary Kurtz<br>A Professional Law Corporation<br>30101 Agoura Court, Suite 130<br>Agoura Hills, California 91310<br>Tel.: 818-884-8400<br>Fax: 818-884-8404<br>Email: gary@garykurtzlaw.com | Representing Plaintiff<br>JOHN DOE |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 17, 2015, at Los Angeles, California.

_/s/ Jessica Alvarez_
Jessica Alvarez