1  JULIE ARIAS YOUNG (State Bar No. 168664)
   jyoung@yzblaw.com
2  KAREN J. PAZZANI (State Bar No. 252133)
   kpazzani@yzblaw.com
3  YOUNG, ZINN & BATE LLP
4  888 South Figueroa Street, Fifteenth Floor
5  Los Angeles, California 90017
   Telephone: (213) 362-1860
6  Facsimile:  (213) 362-1861
7
   Attorneys for Defendant
8  YALE UNIVERSITY
9

10           UNITED STATES DISTRICT COURT
11       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
12
13

14 | John Doe,                                  | Case No. 2:15-cv-7263-SVW(AGRx)
15 |         Plaintiff,                         |
16 |                                            | **DECLARATION OF KAREN J.**
17 | vs.                                        | **PAZZANI IN SUPPORT OF**
                                                | **DEFENDANT YALE UNIVERSITY'S**
18 | Yale University, by and though the         | **MOTION TO TRANSFER VENUE TO**
19 | President and Fellows of Yale              | **DISTRICT OF CONNECTICUT**
   | College; and Does 1 to 100,                | **PURSUANT TO 28 USC § 1404(a)**
20 | inclusive,                                 |
21 |                                            | Date:    October 19, 2015
   |         Defendants.                        | Time:    1:30 p.m.
22 |                                            | Judge:   Hon. Stephen V. Wilson
23 |                                            | Ctrm:    6

24
25
26
27
28

DECLARATION OF KAREN J. PAZZANI ISO MOTION TO TRANSFER VENUE

# DECLARATION OF KAREN J. PAZZANI

I, KAREN J. PAZZANI, declare as follows:

1. I am an associate at the law firm of Young, Zinn & Bate LLP, counsel of record for Defendant YALE UNIVERSITY ("Yale" or "Defendant"), and am one of the attorneys responsible for the defense of this action. I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2. Based on my review of the Plaintiff's Complaint in this matter, I believe the primary witnesses in this case are likely to include:

    a. Plaintiff;
    b. Beverly Hodgson;
    c. The individuals on the University Wide Committee on Sexual Misconduct ("UWC") panel;
    d. Mary Miller;
    e. Mia Genoni;
    f. Benjamin Polak;
    g. Accuser;
    h. Dinee Dorame;
    i. Christian Brown (erroneously identified as Christopher Brown in the Complaint); and
    j. Theodore Van Alst.

3. I believe that Ms. Hodgson is a key witness in this matter. Ms. Hodgson was appointed by Yale as the fact-finder in connection with Accuser's

1  complaint against Plaintiff.  If this matter were to proceed to trial, Ms. Hodgson's
2  testimony would be necessary at trial to establish the process she undertook as the
3  fact-finder and the evidence she considered.

5      4.    I believe that the individuals on the UWC panel are important witnesses
6  in this matter.  If this matter were to proceed to trial, their testimony would be
7  necessary to establish the facts and evidence that were considered during the hearing
8  on Accuser's complaint against Plaintiff and the bases for the UWC panel's
9  recommendation that Plaintiff be expelled.

11     5.    I believe that Ms. Miller is a key witness in this matter.  Ms. Miller
12 made the decision to expel Plaintiff and, if this matter were to proceed to trial, her
13 testimony would be necessary to establish, among other things, the facts she
14 considered in reaching the decision.

16     6.    I believe that Ms. Genoni is an important witness in this matter.  Ms.
17 Genoni acted as Plaintiff's adviser in connection with Yale's investigation of
18 Accuser's complaint against Plaintiff.  If this matter were to proceed to trial, her
19 testimony would be necessary to establish, among other things, what she told
20 Plaintiff about the likelihood of his returning to Yale.

22     7.    I believe that Mr. Polak is a key witness in this matter.  Mr. Polak
23 reviewed Plaintiff's appeal of his expulsion and made the decision to deny the
24 appeal.  If this matter were to proceed to trial, Mr. Polak's testimony would be
25 necessary to establish the facts and evidence he considered in connection with
26 denying Plaintiff's appeal.

8. I believe that Accuser, Ms. Dorame and Mr. Brown are important witnesses in this matter. They are likely to be able to provide relevant testimony related to Plaintiff's allegation that they conspired to make a false claim against him in order to gain control of Yale's Native American Cultural Center.

9. I believe that Mr. Van Alst, Yale's former Director of the Native American Cultural Center and Dean of Native Students, is an important witness in this matter. Mr. Van Alst is likely to be able to provide testimony related to Plaintiff's allegation that Accuser's complaint against Plaintiff was part of a conspiracy to gain control of Yale's Native American Cultural Center.

10. I am informed and believe that Plaintiff John Doe is currently the plaintiff in a civil lawsuit filed in the State of Connecticut Superior Court. In an effort to protect John Doe's identity, I have not attached the complaint filed in the State of Connecticut Superior Court to this declaration. However, I have reviewed the complaint and, based on my review, I am aware that Plaintiff John Doe is currently represented by an attorney based in Connecticut and that Plaintiff John Doe's lawsuit in the State of Connecticut Superior Court is based on facts and events that are related to the facts and events at issue in this matter.

11. On September 9, 2015, I sent a letter to Plaintiff's counsel of record, Gary Kurtz, to meet and confer with him regarding Defendant's anticipated motion to transfer venue. Attached hereto as Exhibit A is a true and correct copy of my September 9, 2015 letter. On September 10, 2015, I called Mr. Kurtz and spoke to him by phone to further meet and confer regarding Defendant's anticipated motion to transfer venue. Mr. Kurtz and I discussed Defendant's anticipated motion but were unable to reach an agreement that would eliminate the necessity for the motion.

1  I declare under penalty of perjury under laws of the United States of America
2  that the foregoing is true and correct.
3
4  Executed this 17th day of September 2015, at Los Angeles, California.

_____
KAREN J. PAZZANI

# EXHIBIT A

# Young, Zinn & Bate LLP
## Attorneys at Law
888 South Figueroa Street
Fifteenth Floor
Los Angeles, CA 90017
(213) 362-1860
Fax: (213) 362-1861

**Karen J. Pazzani**
kpazzani@yzblaw.com

September 9, 2015

**VIA EMAIL & FACSIMILE**

Gary Kurtz, Esq.
Law Office of Gary Kurtz
30101 Agoura Court, Suite 130
Agoura Hills, CA 91310

   Re: <u>John Doe v. Yale University, Los Angeles Superior Court, Case No. BC579833</u>

Dear Mr. Kurtz,

  This firm represents Yale University ("Yale") in the above-captioned action. I am writing in furtherance of the meet and confer requirements of United State Central District Court Local Rule 7-3 with respect to a motion to transfer venue that we anticipate filing.

  After reviewing the Complaint, it is apparent that it was not filed in the appropriate forum for a number of reasons. First, the case presents questions of federal law and the parties are diverse, thus, the district courts of the United States have original jurisdiction over the matter. Second, Yale is not subject to personal jurisdiction in California. Third, the most convenient venue for the parties and witnesses is Connecticut, not California. As you know, the majority of the key witnesses reside in Connecticut (and are subject to compulsory process there, not California) and the relevant events occurred in Connecticut.

  Based on the above, after removing the case to the United States District Court for the Central District of California, Yale intends to file a motion to transfer venue to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). Please let me know by September 10, 2015 whether you will stipulate to this transfer. In addition, because personal jurisdiction issues would be moot if this action is transferred to Connecticut, Yale intends to seek an order granting it an extension of its deadline to file an answer or Rule 12(b) motion until 20 days after the Court rules on its motion to transfer venue. Please let me know if you will stipulate to this extension.

         Sincerely,

         Karen J. Pazzani

KJP:ja

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On September 17, 2015, I hereby certify that I electronically filed the foregoing document described as **DECLARATION OF KAREN J. PAZZANI IN SUPPORT OF DEFENDANT YALE UNIVERSITY'S MOTION TO TRANSFER VENUE TO DISTRICT OF CONNECTICUT PURSUANT TO 28 USC § 1404(a)** with the Clerk of the Court for the United States District Court, Central District of California. Participant(s) in the case who are registered users will be served by the CM/ECF system, electronically transmitted on the following interested parties in this action at the email addressed below:

| | |
|---|---|
| Gary Kurtz, Esq.<br>Law Office of Gary Kurtz<br>A Professional Law Corporation<br>30101 Agoura Court, Suite 130<br>Agoura Hills, California 91310<br>Tel.: 818-884-8400<br>Fax: 818-884-8404<br>Email: gary@garykurtzlaw.com | Representing Plaintiff<br>JOHN DOE |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 17, 2015, at Los Angeles, California.

_Jessica Alvarez_