Gary Kurtz, Esq.  SBN 128295
**Law Office of Gary Kurtz**
   A Professional Law Corporation
30101 Agoura Court, Suite 130
Agoura Hills, California  91310
Phone:  818-884-8400    Fax:   818-884-8404
E-Mail:      gary@garykurtzlaw.com

Attorneys for Plaintiff John Doe

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| John Doe, | ) Case No.:  2:15-cv-7263-SVW(AGRx) |
| Plaintiff, | ) |
| | ) PLAINTIFF'S OPPOSITION TO |
| vs. | ) MOTION TO TRANSFER VENUE; |
| | ) DECLARATIONS OF GARY KURTZ; |
| Yale University, etc., et al | ) JOHN DOE; AND RANDALL MURPHY |
| | ) |
| Defendants. | ) Date:       November 2, 2015 |
| | ) Time:       1:30 p.m. |
| _____ | ) Judge:      Hon. Stephen V. Wilson |
| | Ctrm:       6 |

///

///

///

OPPOSITION TO MOTION TO TRANSFER

**TABLES**

**Table Of Contents**

<u>Section</u>                                                                                    <u>Page</u>

I.      Introduction                                                                        1

II.     The Central District of California is the Proper
        Venue for This Action                                                     2

        A.      Plaintiff's Choice of Forum Should Be Respected     3

        B.      Yale Cannot Satisfy Its Significant Burden
                To Justify A Transfer                                              5

        C.      Applicable Factors Weigh In Favor of
                Retaining This Action                                             8

                1.      Location Of The Incident Is Not
                        A Factor Favoring Transfer                            8

                2.      Governing Law Is Not A Factor
                        Favoring Transfer                                          9

                3.      Plaintiff's Choice Of Forum Is A
                        Factor Opposing Transfer                              9

                4.      Contact With The Connecticut Forum Is Not
                        A Factor Favoring Transfer                           10

                5.      Contacts With The California Forum
                        Favor Retaining The Action In California   12

                6.      Costs Of Litigation Favor Retaining
                        The Action In California                            14

                7.      Records Availability Does Not Favor Transfer   16

                8.      Yale's Economic Interest In California Favors
                        Retaining The Action In California             17

                9.      California Has A Manifest Interest in
                        Providing its Residents a Forum to Redress
                        Injury by Out-of-State Actors                      18

III.    Conclusion                                                                 20

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

**Table Of Authorities**

<u>Authority</u>                                                                  <u>Page</u>

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
    860 F.Supp. 128, 135 (S.D.N.Y. 1994)                          14
*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 473; 105 S. Ct. 2174; 85 L. Ed. 2d 528          19
*Brackett v. Hilton Hotels Corp.*,
    619 F.Supp. 2d 810, 820 (N.D. Cal. 2008)                     17
*Catch Curve, Inc. v. Venali, Inc.*,
    No. 05-4820, 2007 U,S, Dist. LEXIS 96379
    2006 WL-4568799, at *3 (C.D. Cal. Feb. 27, 2006)             4
*Commodity Futures Trading Comm'n v. Savage*,
    611 F.2d 270, 279 (9th Cir. 1979)                            6
*David v. Alphin*,
    2007 U.S. Dist. LEXIS 3095,
    2007 WL 39400, at *3 (N.D. Cal.)                             17
*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834, 843 (9th Cir. 1986)                            6,7
*D.H. Blair & Co., Inc. v. Gottdiener*,
    462 F.3d 95, 106-07 (2d Cir. 2006)                           15
*Duckworth v. Medical Electro-Therapeutics, Inc.*,
    768 F.Supp. 822, 831 (S.D. Ga. 1991)                         6
*Emmert Indus. Corp. v. Artisan Assocs.*,
    2003 U.S. Dist. LEXIS 27110 at *27 (D.OR. 2003),
    *aff'd in part and revr'd in part on other grounds and remanded*
    *by Emmert Indus. Corp. v. Artisan Assocs.*, 497 F.3d 982,
    2007 U.S. App. LEXIS 19180 (9th Cir. Or. 2007)               7,9
*First Federal Savings Bank v. Tazzia*,
    696 F.Supp. 904, 910 (S.D. N.Y. 1988)                        5,6
*Gelber v. The Leonard Wood Memorial For The Eradication*
    *Of Leprosy And The American Leprosy Foundation,*
    *And American Leprosy Missions, Inc.*,
    2007 U.S. Dist. LEXIS 47535 at *9                            11,15

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

<u>Authority</u>                                                                <u>Page</u>

*Goodyear Tire & Rubber v. McDonnell Douglas Corp.*,
     820 F.Supp. 503, 507 (C.D. Cal. 1992)                     5

*Harris Trust & Sav. Bank v. SLT Warehouse Co.*,
     605 F.Supp. 225, 227 (N.D. Ill. 1985)                     7

*Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441 (E.D. Tex. 1992)    4,5

*HollyAnne Corp. v. TFT, Inc.*,
     199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999)                 6,11

*Inherent.com v. Martindale-Hubbell*,
     420 F.Supp. 2d 1093, 1098 (N.D. Cal. 2006)              5,6

*Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985)    4

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)    3,8

*Kovatch Corp. v. Rockwood Systems Corp.*,
     666 F.Supp. 707, 708 (M.D. Pa. 1986)                      5

*McGee v. International Life Insurance Co.*,
     355 U.S. 220, 222-223 (1957)                             19

*Micili v. Stromer,* 675 F.Supp. 1559, 1565 (D. Col. 1987)              5,6

*Nossen v. Hoy,* 750 F.Supp. 740, 743 (E.D. Va. 1990)                   5

*Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991)            6

*Sergio Estrada Rivera Auto Corp. v. Kim*,
     717 F.Supp. 969, 973 (D. Puerto Rico 1989)               5

*Shultz v. Hyatt Vacation Mktg. Corp.*,
     No. 10-4568, 2011 U.S. Dist. LEXIS 24692,
     2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011)          4

*Stomp, Inc. v. NeatO, LLC*,
     61 F.Supp.2d 1074, 10890 (C.D. Cal 1999)                 9

*STX, Inc. v. Trik Stik, Inc.*,
     708 F.Supp. 1551, 1555 (N.D.  Cal.  1988)                6

*Van Dusen v. Barrack*,
     376 U.S. 612, 622, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964)    3,4

*World-Wide Volkswagen Corp. v. Woodson*,
     444 U.S. 286, 293, 100 S. Ct. 559, 564,
     62 L. Ed. 2d 490 (1980)                                  8,19

1

2

<u>Authority</u>                                                                          <u>Page</u>

28 U.S.C. § 1404(a)                                                             2,3

15 *Wright & Miller, Federal Practice & Procedure:*
         *Jurisdiction* § 3848, at 246                                    7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1

## I.    Introduction

2    This action is about the damages that Yale caused to Plaintiff when

3 conducting a result oriented pseudo investigation designed to show a zero tolerance

4 policy regarding sexual misconduct at any cost.  This action **is not** necessarily

5 about the false allegations of sexual assault made against Plaintiff.  That case was

6 decided by the Connecticut criminal courts in Plaintiff's favor.  Further, this action

7 **is not** necessarily about the conspiracy that Plaintiff's Accuser entered into that

8 resulted in the allegations and Plaintiff's expulsion.

9    Instead, this action is about Yale's failure to properly investigate a two

10 sentence internal complaint against Plaintiff for sexual assault.  This action is about

11 the "fact-finder's" failure to follow Yale's procedures, her failure to take

12 investigative actions that any reasonable investigator should have taken, including

13 speaking with Plaintiff's witnesses, and the various laws and policies that were

14 violated in Yale's "witch hunt" against Plaintiff.  The gravamen of the complaint is

15 Yale's liability for using Plaintiff as a scape-goat and, in the process, ignoring its

16 contractual, statutory, and constitutional obligations to Plaintiff.

17    This action concerns a former Yale student's attempt to hold Yale

18 accountable for his expulsion after failing to follow their own internal rules and

19 failing to provide him with the most fundamental due process.  Plaintiff's Yale

20 transcript shows that Yale expelled him on February 2, 2012, yet Yale did not

21 inform him of that expulsion until May 27, 2014.  (Declaration of Plaintiff John

22 Doe ("Plaintiff Decl.") para. 9.)   Everything that Yale did in pretending to

23 investigate for over two years was a meaningless charade designed to provide a

24 justification for a decision that had already been made.

25

26

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

Plaintiff is from California and maintains his permanent address in Los Angeles, which is why courts in California have an interest in this action and in protecting Plaintiff's rights. Plaintiff's witnesses reside in California or the nearby states of Montana and Arizona (and the Arizona witness is frequently in California). Although Defendant is correct that their witnesses are employees and live in Connecticut, with the exception of one ex-employee who moved to Michigan, transferring venue in this case would only serve to reallocate witness inconvenience and costs from Defendant to Plaintiff.

The location of Yale's misconduct is also irrelevant. Yale's investigation did take place in Connecticut, but the site of the investigation is unimportant in this context because Yale's misdeeds are not location dependent. Thus, the fact that the investigation took place in Connecticut is a trivial factor.

Finally, Yale sufficiently profits from California to require that it come to California to defend claims advanced by a student it recruited from California. Yale actively seeks other students from California as an ongoing matter, recruiting heavily in the state. Yale does a tremendous amount of fundraising in California. These recruitment and fundraising efforts make it reasonable and appropriate to make Yale bear any burden of litigating in the forum of the student's permanent residence.

## II.    The Central District of California is the Proper Venue for This Action.

28 U.S.C. § 1404(a) makes clear that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has also made it clear "that district courts enjoy broad discretion in

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

considering motions to transfer venue, and are to adjudicate motions for transfer according to "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964). In fact, "the purpose of [section 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Id*. at 616. However, the underlying principle established by the Supreme Court's decisions on venue, and whether or not a change is appropriate in an individual case, is based in due process considerations and fundamental fairness. In this case the interests of due process and fundamental fairness weigh heavily in favor of respecting Plaintiff's decision to prosecute his claims in California.

### A.   Plaintiff's Choice of Forum Should Be Respected.

The district court has discretion to transfer under § 1404(a), depending on a "case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000) (internal citation and quotation marks omitted). The criterial dispute in this matter is the application of factors this Court is charged with when weighing the convenience of parties and witnesses and the interest of justice. *Van Dusen v. Barrack*, 376 U.S. 612, at 616; 84 S. Ct. 805; 11 L. Ed. 2d 945 (1964).

Plaintiff is a California resident. (Plaintiff Decl. para. 4.) Plaintiff was recruited by Yale to travel to Connecticut for college rather than attend similarly prestigious universities in California such as Stanford, California, U.C.L,A., etc. (Plaintiff Decl. paras. 2 and 3.) Accordingly, Yale errs when making the bold statement that its recruiting efforts in California are irrelevant. Plaintiff's

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California 91310

permanent residence is important because a presumption exists in favor of a resident plaintiff's choice of forum.  *See Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441 (E.D. Tex. 1992).  Plaintiff's choice of forum is treated with great deference, and only **significant** inconvenience or unfairness will justify transfer. See *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-4568, 2011 U.S. Dist. LEXIS 24692, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011).  As the court noted in *Catch Curve, Inc. v. Venali, Inc.*, No. 05-4820, 2006 U.S. Dist. LEXIS 96379, 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006), "[s]ubstantial, weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the "convenience" and "justice" factors set forth above weigh heavily in favor of venue elsewhere.  *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).  The bias in favor of a Plaintiff's choice of forum has been articulated that the Plaintiff's choice should be given "paramount" consideration.  *Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441 (E.D. Tex. 1992); *Nossen v. Hoy,* 750 F.Supp. 740, 743 (E.D. Va.  1990); *Sergio Estrada Rivera Auto Corp. v. Kim*, 717 F.Supp. 969, 973 (D. Puerto Rico 1989*); Micili v. Stromer,* 675 F.Supp. 1559, 1565 (D. Col. 1987*); First Federal Savings Bank v. Tazzia*, 696 F.Supp. 904, 910 (S.D. N.Y. 1988*); Kovatch Corp. v. Rockwood Systems Corp.*, 666 F.Supp. 707, 708 (M.D. Pa. 1986).  In *Goodyear Tire & Rubber v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 507 (C.D. Cal. 1992), the court denied the motion to transfer, as is the case in the overwhelming majority of reported decisions on the subject.


**B.    Yale Cannot Satisfy Its Significant Burden To Justify A Transfer**

On the other hand, Yale "must shoulder the burden of showing that transfer is appropriate."  *See Inherent.com v. Martindale-Hubbell*, 420 F.Supp. 2d 1093,

1098 (N.D. Cal. 2006) (citing *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp. 2d 1044, 1048 (N.D. Cal. 2001)).   The party seeking the transfer bears the burden of persuasion. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).   Many other courts have described the defendants' burden as "heavy" or similarly difficult.  *See STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555 (N.D. Cal.  1988) ("defendant bears a heavy burden of proof to *justify the necessity of the transfer"); First Federal Savings Bank v. Tazzia*, 696 F.Supp.  904, 910 (S.D. N.Y. 1988); *Micili v. Stromer,* 675 F.Supp. 1559, 1565 *(D. Col. 1987)* (plaintiff's choice of forum is a factor deserving "substantial weight" and "will not be lightly disturbed"); *Duckworth v. Medical Electro-Therapeutics, Inc.*, 768 F.Supp. 822, 831 (S.D.  Ga. 1991) ("the court must not disturb the plaintiff's choice of forum unless the choice is clearly outweighed by other considerations.")

A defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  "Unless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction."  *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (internal quotations and citations omitted).  Although *Roth* involved jurisdiction of a case involving a foreign national the principle is equally applicable to this case and the reverse analysis must also be true.  If transferring venue to a defendant's choice of forum would constitute a deprivation of plaintiff's due process, such a request must be denied.

The common element permeating Yale's arguments is that it would be financially advantageous to litigate in Connecticut because Yale is present in that

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1   state.    That underlying motivation for the transfer invalidates the specific

2   enunciation of factors because it is settled that a defendant who merely seeks to

3   shift the financial burden to plaintiff has not presented sufficient grounds to support

4   its request for a transfer of venue on the basis of private interest factors.  Wright

5   and Miller have observed that a transfer is not usually ordered "if the result is

6   merely to shift the inconvenience from one party to another."  15 *Wright & Miller,*

7   *Federal Practice & Procedure: Jurisdiction* § 3848, at 246.  "A transfer will not be

8   granted if it would merely transfer the burden from one party to the other.  The

9   moving party must demonstrate that the present forum will result in a clear balance

10  of inconvenience to him or her.  *Harris Trust & Sav. Bank v. SLT Warehouse Co.*,

11  605 F.Supp. 225, 227 (N.D. Ill. 1985).  "Merely shift[ing] rather than eliminat[ing]

12  the inconvenience" is not a grounds for transfer of venue.  *Decker Coal*, 805 F.2d

13  at 843.

14          Although the Court must consider public factors relating to "the interest of

15  justice" and private factors relating to "the convenience of the parties and witnesses

16  .   .   . [m]erely shift[ing] rather than eliminat[ing] the inconvenience" is not a

17  grounds for transfer of venue.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805

18  F.2d 834, 843 (9th Cir. 1986).  If a defendant seeks only to shift the financial

19  burden to the plaintiff, then that defendant has not presented sufficient grounds to

20  support its request for a transfer of venue on the basis of private interest factors.

21  *Emmert Indus. Corp. v. Artisan Assocs.*, 2003 U.S. Dist. LEXIS 27110 at *27

22  (D.OR. 2003), a*ff'd in part and revr'd in part on other grounds and remanded*  by

23  *Emmert Indus. Corp. v. Artisan Assocs.*, 497 F.3d 982, 2007 U.S. App. LEXIS

24  19180 (9th Cir. Or. 2007).

25

26

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

### C.    Applicable Factors Weigh In Favor of Retaining This Action

Factors to consider when evaluating a motion to transfer venue may include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498-99.

### 1.    <u>Location Of The Incident Is Not A Factor Favoring Transfer</u>

The location of events in this case is not significant, except insofar as it provides a locus to Connecticut.  But the acts complained of are not tied to a physical location in the same manner as a factory explosion or automobile accident.  The physical location of events in this case does not require a site visit. It is the acts themselves that are important for the injury caused-not the location of the acts.  The location of the acts is not relevant to the nature of the acts.

"Modern transportation and communication have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980).  The Supreme Court made that observation in 1980.  Technological advances have been monumental since 1980, making that statement more persuasive than ever before.

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

It is a fact of modern life that video conferencing technology and other readily available techniques can work to limit or completely eliminate the necessity of producing out-of-state witnesses. *Emmert Indus. Corp.*, at *27. *See also Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1080 (C.D. Cal. 1999) ("ease of instantaneous communication between people on opposite sides of the globe, and the frequency of interstate travel" are reasons for requiring an entity to defend itself in a state in which it has engaged in commerce).

### 2.    <u>Governing Law Is Not A Factor Favoring Transfer</u>

The complaint alleges counts based on federal law, not the law of any particular state.  Thus, the second factor does not favor transfer.

### 3.    <u>Plaintiff's Choice Of Forum Is A Factor Opposing Transfer</u>

Plaintiff is a resident of California. (Plaintiff Decl. para. 4.)  His permanent address is and was in California at all times relevant to this action. (*Id.*)  Yale does not dispute that.  The fact that Plaintiff is and always was a resident of the Central District of California mitigates strongly towards venue in that District.    *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994) (other factors not sufficient to justify transfer when plaintiff resided in chosen district).  Plaintiff is also a 25 year old with very limited means. (Plaintiff Decl. paras. 5 and 6.)  Although he receives help from his family, they are not wealthy either. (Plaintiff

1   Decl. para. 13.)   The lawsuit was filed in California because that is where the

2   Plaintiff calls home.  His choice in that regard should be given deference.[1]

3

4          **4.      Contact With The Connecticut Forum Is Not A Factor**

5                  **Favoring Transfer**

6          There are elements relating to this factor that favor each side, which makes

7   this factor neutral.

8          Yale's Connecticut location is not a factor that favors a transfer.  Plaintiff is

9   barred from setting foot on Yale property by virtue of the expulsion decision.

10  (Plaintiff Decl. para. 10.)  It explicitly bars him from Yale property.  For Defendant

11  to allow him to set foot on Yale property for purposes of pursuing the litigation

12  would put Plaintiff in the position of being the unwanted visitor who is looked

13  down on and made to feel unworthy every moment of every day that he is in New

14  Haven pursuing the claim.  The unfairness of that approach cannot be overstated.

15         The location of witnesses is a balanced, so it is not a factor favoring transfer.

16  Most of the witnesses referenced by Yale are employed by Yale or hold quasi-

17  employment status, as with Ms. Hodgson, the "fact-finder."  Therefore, they are

18  under Yale's control and can be directed to appear for deposition in Connecticut or

19  travel to California.  In fact, of all Yale's witnesses it is only the fact-finder who is

20

21

22

23
_____

24  [1] Defendant suggests Plaintiff is forum shopping (Def. P&A, pg. 10, ln. 12.)  That is untrue.  As

25  noted in the introduction, the matter currently pending in Connecticut is a simple defamation per
    se claim because in January 2014, those three people told other people ion the Native community

26  that Plaintiff had been convicted of felonies. (Plaintiff Decl. para. 6 and 7.)

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1   legitimately important.[2]   All of Yale's other witnesses, under UWC rules,

2   theoretically only received information from the fact-finder.   Of course, any

3   difficulties arising from the presence of Yale's witnesses in Connecticut can be

4   easily overcome using modern technology, which is readily available.  Testimony

5   could be taken and preserved by video deposition, so witness travel to California

6   may not even be necessary.

7         It is recognized that the location of a defendant's employees "is not as

8   important a factor as it would be if they were not under the defendant's control[.]"

9   *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999).   In

10  *HollyAnne*, as in the instant matter, defendant based his claim of inconvenience

11  upon employee witnesses, whom the defendant controls, in support of a transfer of

12  venue.  Unlike *HollyAnne*, Plaintiff's witnesses are in large part in the forum state.

13  (Declaration of Gary Kurtz ("Kurtz Decl.") paras. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13,

14  14 and 15.)

15        Furthermore, it is well established that "convenience of Defendants' party

16  witnesses are entitled to little weight because the witnesses are employees of the

17  party seeking transfer, and Defendants will be able to compel their testimony at

18  trial."  *Gelber v. The Leonard Wood Memorial For The Eradication Of Leprosy*

19  *And The American Leprosy Foundation, And American Leprosy Missions, Inc.*,

20  2007 U.S. Dist. LEXIS 47535 at *9, *citing  STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp.

21  1551, 1556 (N.D. Cal. 1988)("If the gain of convenience to one party is offset by

22  the added inconvenience to the other, the courts have denied transfer of the action;

23

24  [2] It is the fact-finders "investigation" and the overall process that is flawed.  Yale's written

25  process is not subject to dispute.  Although the UWC members might be informative concerning
    their failure to allow Plaintiff to question his accuser, or even offer questions for the UWC

26  members to ask his accuser, they are primarily witnesses as to the process involved.

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1
2
3
4
5

discounting the convenience to the defendant's employees because they could be compelled to testify"). *Gelber* also noted that, as in this case, several of defendant's non-party witnesses did not reside in the forum to which defendant sought to transfer venue. Thus, the inconvenience to them was not altered by choice of forum.

6
7

Yale notes that other witnesses live in Michigan, New Mexico and Arizona. Thus, Defendant's choice of venue is inconvenient for those witnesses, as well.

8
9
10

### 5. Contacts With The California Forum Favor Retaining The Action In California

11
12
13
14
15
16
17
18
19
20
21
22
23
24

The convenience of non-party witnesses generally takes precedence over the convenience of party witnesses. Most of Plaintiff's witnesses are residents of California. (Kurtz Decl. paras. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15.) Several of Plaintiff's witnesses are recent graduates of Yale who are working or seeking employment in California. (*Id*.) Inar Zhang, John Heroy, Arturo Garcia, Michael Sparks and Albert Chang, all live and work in San Francisco, California (Kurtz Decl. paras. 5, 6, 7, 8 and 9.); Bowen Zhang (no relation to Inar) lives and works in Los Angeles, California (Kurtz Decl. para. 10.), (all of the foregoing are 2013 graduates of Yale) and; Raymond Kelly, who graduated from Yale in 2015, recently contacted Plaintiff's family inquiring if they can help him find employment in Los Angeles and indicated that he is hoping to relocate to California from his home in Seattle, Washington  (Kurtz Decl. para. 11.)  All of these witnesses can testify as to their offers to provide evidence to the fact-finder, which were refused. (Kurtz Decl. paras. 2, 3, 5, 6, 7, 8, 9, 10 and 11.)

25
26
27

Another witness, the former Dean of Native Students lives in Montana and is willing to travel to Los Angeles but not Connecticut. (Kurtz Decl. para. 4.)  He has

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1   indicated he would willingly travel to Los Angeles to testify, but would be very

2   reluctant to travel to New Haven. (*Id*.) The former Dean cites the cost of travel to

3   Connecticut as opposed to Los Angeles, and his emotional turmoil in New Haven

4   due to Yale's treatment of him. (*Id*.) The Dean has firsthand knowledge of how

5   exculpatory evidence and testimony was refused by Defendant's fact-finder and the

6   UWC. (*Id*.)

7        The medical experts who reviewed the records and whose reports convinced

8   the State of Connecticut to dismiss the charges are also all residents of California,

9   with one exception. (Kurtz Decl. paras. 12, 13, 14, 15 and 16.) They are important

10  witnesses, not because of their knowledge of the underlying claims against

11  Plaintiff, but because both the fact-finder and the UWC refused to speak with them

12  despite their offers to speak to the fact-finder and UWC. Dr. Golden, a forensic

13  odonatologist is a resident of San Bernardino, California. (Kurtz Decl. para. 12.)

14  Judy Malmgren, R.N., and Dr. Amy Phenix are residents of Santa Barbara,

15  California. (Kurtz Decl. paras 13 and 14.) Dr. James Walton is a resident of Los

16  Angeles, California. (Kurtz Decl. para. 15.) Dr. Theodore Hariton is a resident of

17  Phoenix, Arizona-a short flight to Los Angeles, and he has indicated his

18  willingness to travel to Los Angeles. (Kurtz Decl. para. 16.) Further, Dr. Hariton

19  frequently visits Los Angeles to see his son and grandson. (*Id*.)

20       In this instance it is not only convenience for Plaintiff's witnesses that weigh

21  in favor of venue in California. Plaintiff's witnesses are recent college graduates

22  without a great deal of disposable income, a professor, or experts whose expenses

23  for long distance travel would be considerable. (Kurtz Decl. paras. 2-16.)

24

25

26

27

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1

2

### 6.    <u>Costs Of Litigation Favor Retaining The Action In California</u>

3

4

Plaintiff's counsel in California is handling this matter on a pro bono/ contingency basis. (Kurtz Decl. para. 18.)  He has known Plaintiff for almost his entire life. (*Id*.)  In addition, other attorneys in California have volunteered to help with research and case management as necessary. (Kurtz Decl. para. 18.)  All of this help would be impossible to provide if venue were transferred to Connecticut and Plaintiff were forced to find an attorney in Connecticut willing to take on what could be difficult litigation against a Connecticut institution[3] on a pro bono/ contingency basis. (Kurtz Decl. para. 17.)

5

6

7

8

9

10

11

Transfer of venue in this case would primarily result in a tremendous shifting of costs from one party to the other.  Such a shifting is inappropriate when it places the burden on the party least able to absorb the costs. *800-Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F.Supp. 128, 135 (S.D.N.Y. 1994) (transfer denied because defendant, a large corporation, was better able to absorb added expense of litigating away from its home forum than was individual plaintiff).

12

13

14

15

16

17

_____

18

[3] In its motion Yale proposes Norm Pattis as a potential counsel for Plaintiff because he is handling a defamation suit against three students on behalf of Plaintiff.  (Plaintiff Dec. paras. 6 and 7.)  Mr. Pattis is not handling litigation against Yale University and that litigation is related to this case in only the most attenuated manner.  The defamation litigation concerns statements made by two former and one current Yale student two years after the events that are the subject of this litigation took place.  However, interestingly, the defense of that defamation action is being handled by a Connecticut law firm with the help of Milbank, Tweed, Hadley and McCoy of New York.  The three defendants in the defamation action were on full, or very close to full, need-based scholarships at Yale.  It is being prosecuted in Connecticut because none of those defendants have any relationship to California.  The defamation action has to do with statements made by three individuals to other Native students on or about January 30, 2015, claiming that Plaintiff had been convicted of first degree sexual assault.  Plaintiff has never been convicted of any sexually related crime of any nature whatsoever.   In fact, he was never in any trouble with the law of any jurisdiction prior to the false claims made against him by the Accuser.  Yale's failure to investigate those allegations is what this case is about-not the truth or falsity of those allegations.  (Kurtz Decl. para. 17.)

19

20

21

22

23

24

25

26

27

1

2

3

4

Such cost shifting is not a valid basis to transfer venue.  In *Gelber* the court made it clear that retaining jurisdiction is appropriate to avoid a transfer that merely shifts the inconvenience and burden from one party to another.  In denying defendant's motion to transfer venue the court in *Gelber* stated:

5

6

7

8

9

10

11

12

13

14

> ". . . as [Plaintiff] asserts, transfer to South Carolina would "merely shift" the inconvenience from the Defendants to [Plaintiff].  See Decker Coal Co., 805 F.2d at 843.  Moreover, a court may consider the "convenience of the parties as indicated by their relative physical and financial condition.  " Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). [Plaintiff] is a private individual with $ 190,236 in net income for 2006 and a significant portion of his assets in his home.  In 2005, ALM listed $ 7,960,969 in revenue and LWM listed $719,049 in revenue.   Although Defendants are nonprofit organizations whose revenues do not match many large corporations, they are clearly in a better position to absorb the costs of litigation as compared to [Plaintiff]."

15

*Gelber*, 2007 U.S. Dist. LEXIS 47535 at *10-11.

16

17

18

19

20

In the instant case Plaintiff's income is less than 15 percent of the income of plaintiff in *Gelber*, and is decreasing because he intends to finish his education. (Plaintiff Decl. para. 5.)   Conversely, Defendant's worth is conservatively more than 1000 times the worth of the defendant in *Gelber*.  *See also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).

21

22

23

24

25

In this case, Plaintiff is being represented pro bono because he does not have the funds to litigate the matter otherwise and Defendant is beyond doubt one of the wealthiest and most influential universities in the world.   Plaintiff could not maintain this lawsuit were it not for the willingness of his counsel and other attorneys to litigate the matter on contingency and at their own cost.  (Kurtz Decl.

26

27

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1
2
3
4
5

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

para. 18; Plaintiff Decl. paras. 5 and 7.)   Plaintiff notes that these are not large international firms doing pro bono work, but rather sole practitioners who believe that Defendant's acts require redress. In light of all of the relevant factors, and the interest of due process and fundamental fairness, venue should remain where the Plaintiff has the opportunity to litigate the matter to a conclusion on the merits.

6
7
8
9
10
11
12
13

Not only would transfer of the matter to the District of Connecticut eviscerate Plaintiff's ability to pursue his meritorious claims against Yale it would place the case in a venue where the Defendant's influence is pervasive, making it almost impossible to find a jury not connected to Yale University in some way. Thus, a change in venue would deny Plaintiff his basic due process rights by preventing him from litigating the matter due to costs, and even if that were not a bar in this case, by denying him due process due to the pervasiveness of Yale's influence, both positive and negative, on the potential jury pool.

14
15

### 7.    Records Availability Does Not Favor Transfer

16
17
18
19
20
21
22
23
24

A factor considered by courts when a venue change is sought is the location of the books and records.  Here, such documentary evidence may comprise less than 100 pages.  (Plaintiff Decl. para. 15.)  It is Plaintiff's understanding that the University Wide Committee's ("UWC") rules require that the investigation leave no apparent paper trail except the fact-finder's report[4] and the UWC findings, with the addition of a few letters.  All of the documentary evidence can be digitalized and produced in that manner.  Plaintiff believes additional e-mails and other communications between Yale administrators may exist, which is, of course, a violation of the internal rules regarding the UWC.  But, again, such information is

25
26

[4] Plaintiff is informed and believes that under Yale's UWC Rules no notes regarding the matters before the UWC are permitted to be maintained.

27

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1   digitalized and can be produced in that format.  There is no need for anyone to

2   wade through stacks of paper in this case.

3          Thus, the volume of documentary evidence is minimal in this matter.

4   However, even if that were not the case modern document retrieval and storage

5   capabilities almost eliminate the difficulty in transporting documents from one

6   location to another.  As technological advances in document storage and retrieval

7   have greatly reduced the burden of transporting documents between districts.

8   *Brackett v. Hilton Hotels Corp*., 619 F.Supp. 2d 810, 820 (N.D. Cal. 2008); *David*

9   *v. Alphin*, 2007 U.S. Dist. LEXIS 3095, 2007 WL 39400, at *3 (N.D. Cal.) ("with

10  technological advances in document storage and retrieval, transporting documents

11  does not generally create a burden").

12

13          **8.**      **Yale's Economic Interest In California Favors Retaining**

14                    **The Action In California**

15          Yale is no stranger to California.  Yale recruits students from California on

16  an ongoing basis.  (Plaintiff Decl. paras. 11 and 12; Declaration of Randall R.

17  Murphy ("Murphy Decl.") paras. 2, 3, 4, 5 and 6.)  Yale is represented at most high

18  school college fairs in Los Angeles.  (Murphy Decl. para. 4.)  Thus, California has

19  a strong interest in this litigation as a state where many of its best and brightest

20  young people are contacted by Yale and urged to apply.  (*Id*.)  Every year the Yale

21  Alumni Schools Association interviews applicant to Yale College.  (Murphy Decl.

22  paras. 2 and 3.)   The training to be an interviewer the Yale Alumni are told that

23  one of their primary roles is to answer questions about Yale and work to overcome

24  negative stereotypes about New Haven in order to convince students to accept the

25  offer of admission if one is given.  (Murphy Decl. para. 6.)

26

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California 91310

There is no doubt that Yale engages in economic and other activities in California.  (Murphy Decl. paras. 7, 8, 9 10 and 11.)  Yale cannot claim that its contacts with California are so limited as to deny it due process were it required to defend itself in that forum.  In fact, it is doubtful that Plaintiff could even guess at the extent of Yale's contacts with California, other than the recruiting of students, because Yale is a huge entity engaging in worldwide activities as a matter of course.  One need look no further than the Yale website and its claims of activities on a global scale.  (www.yale.edu.)

### 9.    California Has A Manifest Interest in Providing its Residents a Forum to Redress Injury by Out-of-State Actors

California has a strong interest in protecting its citizens from the injurious actions of out-of-state actors, such as Yale.  **Every** high school student and every parent who attends a college fair and speaks to a Yale representative has an interest in this litigation and the manner in which Yale treats its students; particularly its minority students who are on need-based financial aid, as was Plaintiff.  (Plaintiff Decl. para. 13.)

California also has a manifest interest in protecting the rights of its citizens who travel for educational purposes and are injured by the institutions they attend. This is especially true when those institutions actively seek to lure students to their campus from California.  A student improperly expelled from an institution such as Yale will find it difficult to be admitted into another institution, of any nature. When the institution does not even tell that student that they have been expelled for over two years the injury is magnified.  California residents who are so injured

Law Office of Gary Kurtz, A P.L.C.
30101 Agoura Court, Suite 130
Agoura Hills, California  91310

1  must have a court where redress can be sought that is not the venue of the

2  offending institution.

3      The Supreme Court has long recognized that entities that seek a market for

4  their products in states other than their own will be subject to the jurisdiction of the

5  courts of that state.  "With respect to interstate contractual obligations, we have

6  emphasized that parties who 'reach out beyond one state and create continuing

7  relationships and obligations with citizens of another state' are subject to regulation

8  and sanctions in the other State for the consequences of their activities."  *Burger*

9  *King Corp. v. Rudzewicz*, 471 U.S. 462, 473; 105 S. Ct. 2174; 85 L. Ed. 2d 528,

10  *citing Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950). *See also*

11  *McGee v. International Life Insurance Co.*, 355 U.S. 220, 222-223 (1957).  The

12  fundamental test is whether the taking of jurisdiction offends "traditional notions

13  of fair play and substantial justice."   *World-Wide Volkswagen Corp. v. Woodson*,

14  444 U.S. 286, 292; 100 S. Ct. 559; 62 L. Ed. 2d 490; 1980 U.S. LEXIS 65 (1980).

15  This court's jurisdiction over Yale does not offend traditional notions of fair play

16  and substantial justice.

17      Yale is in the **business** of education, as well as other activities.  Yale has

18  reached into California vigorously seeking students for its product-a Yale

19  education. (Murphy Decl. para. 6.)  Yale has created continuing relationships and

20  obligations with citizens of California. (Murphy Decl. paras. 2, 3, 4, 5, 6, 7, 8, 9,

21  10 and 11.)   In this case, Plaintiff accepted Yale's offer of admission in his

22  bedroom in Los Angeles, California.  (Plaintiff Decl. para. 2.)  Therefore, the

23  contractual relationship of Plaintiff to Yale was established in California.  Prior to

24  moving 3000 miles across the country to New Haven, Plaintiff attended several

25  events in Los Angeles for newly admitted students.  (Plaintiff Decl. para. 14.)  In

26

27

1   fact, as a student at Yale, Plaintiff travelled with the Dean of Native Students to

2   events in California to convince other Native students to apply to Yale.  (Plaintiff

3   Decl. para. 11.)  Plaintiff's home address in Los Angeles remained his permanent

4   address the entire time that he was a student at Yale.  (Plaintiff Decl. para. 4.)

5   When an out-of-state actor is active in a state to the degree that Yale is active in

6   California, and particularly Los Angeles, that out-of-state actor must be subject to

7   the courts located in California otherwise they could act with impunity, damaging

8   who they please with no real recourse to citizens who do not have the wealth the

9   maintain an action in Connecticut.

10

### III.   Conclusion

        Venue is proper in the Central District of California.  It is the district of
Plaintiff's residence.  Plaintiff's witnesses are primarily located in California.
Defendant's witnesses are all employees of Defendant.  Documentary evidence is
minimal and technology eliminates any burden on transporting what documentary
evidence exists.  Transfer of venue would unfairly shift the cost from Defendant to
Plaintiff, and would increase the cost of the litigation.  Defendant has extensive
ongoing contacts with California and California and its citizens has a manifest
interest in this litigation.  Defendant's Motion should be denied.


                                   **LAW OFFICE OF GARY KURTZ**
                                    A Professional Law Corporation

Dated:  October 12, 2015
                                   By:  /s/  *Gary Kurtz*
                                   _____
                                        Gary Kurtz, Esq.
                                        Attorney for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California  91310

## **<u>Certification</u>**

I hereby certify that, on October 12, 2015, a copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE; DECLARATIONS OF GARY KURTZ; JOHN DOE; AND RANDALL MURPHY was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

Dated:  October 12, 2015                _____*Gary Kurtz*_____

                                                                      Gary Kurtz