Gary Kurtz, Esq.  SBN 128295
**Law Office of Gary Kurtz**
  A Professional Law Corporation
30101 Agoura Court, Suite 130
Agoura Hills, California  91310
Phone:  818-884-8400    Fax:   818-884-8404
E-Mail:       gary@garykurtzlaw.com

Attorneys for Plaintiff John Doe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No.: 2:15-cv-7263-SVW(AGRx) |
| Plaintiff, | DECLARATION OF GARY KURTZ IN OPPOSITION TO MOTION TO TRANSFER VENUE |
| vs. | |
| Yale University, etc., et al | Date:       November 2, 2015<br>Time:      1:30 p.m. |
| Defendants. | Judge:     Hon. Stephen V. Wilson<br>Ctrm:      6 |

I, Gary A. Kurtz, declare:

1.   I am an attorney and, counsel of record for Plaintiff John Doe ("Plaintiff"), and am one of the attorneys responsible for the prosecution of this action.  Unless otherwise indicated, I have personal knowledge of the facts set

Law Office of Gary Kurtz, A P.L.C.
20 30101 Agoura Court, Suite 130
Agoura Hills, California 91310

forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

    2.    Based on my research and investigation, and the research and investigation of assistants in this matter, I believe Plaintiff's primary witnesses for trial, and their state of residence, in this case are likely to include:

    a.    Plaintiff (California);

    b.    Professor Theodore Van Alst, former Dean of Native Students at Yale University (Montana);

    c.    Inar Zhang (California);

    d.    Albert Chang (California);

    e.    John Heroy (California);

    f.    Arturo Garcia (California);

    g.    Michael Sparks (California);

    h.    Bowen Zhang (California);

    i.    Raymond Kelly (Seattle, Washington);

    j.    Dr. Golden, D.D.S. (California);

    k.    Judy Malmgren, R.N. (California);

    l.    Dr. Amy Phenix (California);

    m.    Dr. James Walton (California),;and

    n.    Dr. Theodore Hariton (Arizona).

    3.    I believe that Plaintiff is a key witness in this matter. Plaintiff has first-hand knowledge of the investigation, the names of witnesses offered to Yale University, the events at the University Wide Committee ("UWC") hearing and events following that hearing and, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff. If the

matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts involved in the events leading up to his expulsion.

4. I believe that Professor Theodore Van Alst is a key witness in this matter. Professor Van Alst has first-hand knowledge of the investigation, the names of witnesses offered to Yale University who were not contacted, and events involving the Accuser, Dorame and Brown that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff. He has indicated to my assistant that he would willingly travel to Los Angeles to testify, but would be very reluctant to travel to New Haven. The former Dean cites the cost of travel to Connecticut as opposed to Los Angeles, and his emotional turmoil in New Haven due to Yale's treatment of him.

5. I believe that Inar Zhang (Yale graduate 2013) is a key witness in this matter. Mr. Zhang has first-hand knowledge of the names of witnesses offered to Yale University who were not contacted, and events involving the Accuser, Dorame and Brown that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

6. I believe that Albert Chang (Yale graduate 2013) is a key witness in this matter. Mr. Chang has first-hand knowledge of the investigation, the names of witnesses offered to Yale University who were not contacted, and events involving the Accuser, Dorame and Brown that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be

necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

7. I believe that John Heroy (Yale graduate 2012) is a key witness in this matter. Mr. Heroy has first-hand knowledge of events leading to the investigation, the names of witnesses offered to Yale University who were not contacted, and events involving the Accuser, Dorame and Brown that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

8. I believe that Arturo Garcia (Yale graduate 2013) is a key witness in this matter. Mr. Garcia has first-hand knowledge of the names of witnesses offered to Yale University who were not contacted and relevant information regarding the allegations that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

9. I believe that Michael Sparks (Yale graduate 2013) is a key witness in this matter. Mr. Sparks has first-hand knowledge of events preceding the investigated allegations, the names of witnesses offered to Yale University who were not contacted and relevant information regarding the allegations that Defendant refused to discuss and the UWC refused to consider. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

10. I believe that Bowen Zhang (Yale graduate 2013) is a key witness in this matter.  Mr. Zhang has first-hand knowledge of events preceding the investigated allegations, the names of witnesses offered to Yale University who were not contacted and relevant information regarding the allegations that Defendant refused to discuss and the UWC refused to consider.  If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

11. I believe that Raymond Kelly (Yale graduate 2015) is a key witness in this matter.  Mr. Kelly has first-hand knowledge of events preceding the investigated allegations and events occurring at the Native American Cultural Center at Yale University following the allegations and in the two years following Plaintiff's expulsion on February 2, 2012.  He also has relevant information concerning the names of witnesses offered to Yale University who were not contacted and relevant information regarding the allegations that Defendant refused to discuss and the UWC refused to consider.  If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

12. I believe that Dr. Golden, D.D.S. is a key witness in this matter.  He is a forensic odonatologist is a resident of San Bernardino, California.  Dr. Golden has first-hand knowledge of the allegations against Plaintiff and how those allegations were not medically supported and how Defendant refused to discuss and the UWC refused to consider that objective evidence.  If the matter were to proceed to trial, his testimony would be necessary to establish, among other things,

the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

13.   I believe that Judy Malmgren, R.N., is a key witness in this matter. She is a resident of Santa Barbara, California. Nurse Malmgren has first-hand knowledge of the allegations against Plaintiff and how those allegations were not medically supported and how Defendant refused to discuss and the UWC refused to consider that objective evidence. If the matter were to proceed to trial, her testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

14.   I believe that Dr. Amy Phenix, PhD., is a key witness in this matter. She is a resident of Santa Barbara, California. Dr. Phenix has first-hand knowledge of the allegations against Plaintiff and how those allegations were not substantiated by psychological testing and profiles of Plaintiff and how Defendant refused to discuss and the UWC refused to consider that objective evidence. If the matter were to proceed to trial, her testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

15.   I believe that Dr. James Walton, PhD., is a key witness in this matter. He is a resident of Los Angeles, California. Dr. Walton has first-hand knowledge of the allegations against Plaintiff and how those allegations were not substantiated by psychological testing and profiles of Plaintiff and how Defendant refused to discuss and the UWC refused to consider that objective evidence. If the matter were to proceed to trial, his testimony would be necessary to establish, among

other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

16. I believe that Dr. Theodore Hariton, M.D., is a key witness in this matter. He is a resident of Phoenix, Arizona-a short flight to Los Angeles, and he has indicated his willingness to travel to Los Angeles. Further, Dr. Hariton frequently visits Los Angeles to see his son and grandson. Dr. Hariton has first-hand knowledge of the allegations against Plaintiff and how those allegations were not medically supported and how Defendant refused to discuss and the UWC refused to consider that objective evidence. If the matter were to proceed to trial, his testimony would be necessary to establish, among other things, the facts concerning the Defendant's failure to properly investigate the allegations against Plaintiff.

17. My assistant has spoken to Norm Pattis, who represents Plaintiff in the defamation action currently pending in the Connecticut Superior Court. Mr. Pattis has advised this office that the action that he represents Plaintiff in is not related to the instant action except insofar as the three defendants in that action were involved in the conspiracy that resulted in Plaintiff's expulsion from Yale. However, the facts and events of the defamation action are not related to the instant action such that the cases could be combined. The action in Connecticut stems from events on or about January 30, 2014 when the three defendants in the Connecticut action falsely stated to other individuals that Plaintiff had been convicted in Connecticut Superior Court of sex related felonies. That is the extent of the claims in that action. Mr. Pattis has also advised my assistant that he cannot, nor does he know of anyone who could, take on this litigation against Defendant herein on a pro bono/contingency basis.

18. I have known Plaintiff nearly all of his life and am friendly with his parents. I am a sole practitioner but am handling this matter without hourly compensation. My compensation, if any, will come at no cost to Plaintiff and will be the result of an award of attorney's fees upon success or an allocation of attorney's fees from a settlement. In addition, I am assisted in California by other licensed attorneys, who, without charge, have helped me with research, drafting, and an appearance in state Court. Those resources greatly assist me in this matter and would not be equally available in Connecticut.

I declare under penalty of perjury and the laws of the state of California and the United States of America that the foregoing is true and correct. Executed on October 12, 2015, at Agoura Hills, California.

　　　　　　　*/s/ Gary Kurtz*　　　　　
　　　　　　　　Gary Kurtz

Certification

I hereby certify that, on October 12, 2015, a copy of the foregoing KURTZ DECLARATION IN OPPOSITION TO MOTION TO TRANSFER was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

Dated:  October 12, 2015         _____*Gary Kurtz*_____
                                                          Gary Kurtz