1  JULIE ARIAS YOUNG (State Bar No. 168664)
   jyoung@yzblaw.com
2  KAREN J. PAZZANI (State Bar No. 252133)
   kpazzani@yzblaw.com
3  YOUNG, ZINN & BATE LLP
4  888 South Figueroa Street, Fifteenth Floor
   Los Angeles, California 90017
5  Telephone:  (213) 362-1860
6  Facsimile:   (213) 362-1861

7  Attorneys for Defendant
8  YALE UNIVERSITY

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

12

13

14  John Doe,                          Case No.  2:15-cv-7263-SVW(AGRx)

15        Plaintiff,
                                       **DEFENDANT YALE UNIVERSITY'S**
16                                     **REPLY IN SUPPORT OF ITS MOTION**
                                       **TO TRANSFER VENUE TO THE**
17        vs.                          **DISTRICT OF CONNECTICUT**
                                       **PURSUANT TO 28 USC § 1404(a)**
18  Yale University, by and though the
    President and Fellows of Yale
19  College; and Does 1 to 100,        Date:    November 2, 2015
    inclusive,                         Time:   1:30 p.m.
20                                     Judge:  Hon. Stephen V. Wilson
                                       Ctrm:   6
21        Defendants.

22

23

24

25

26

27

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YOUNG, ZINN & BATE LLP**
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................... 1

II.     STATEMENT OF FACTS ALLEGED IN THE COMPLAINT ................. 2

III.    ARGUMENT ................................................................................. 3

      A.   Plaintiff's Choice Of Forum Is Entitled To Little Weight Because The Operative Facts Occurred In Connecticut And Plaintiff's Decision To File This Action In California Is Blatant Forum Shopping. ........................................................... 3

      B.   The Convenience Of The Majority Of The Witnesses, Particularly Key Non-Party Witnesses Who Are Not Subject To Compulsory Process In California, Supports A Transfer. ....................................... 5

      C.   The Location Of The Events Pertinent To Plaintiff's Causes Of Action Favors A Transfer. ......................................................... 10

      D.   The Parties' Contacts With Connecticut Favors A Transfer. ........... 11

      E.   The Governing Law Favors A Transfer. ......................................... 11

      F.   The Parties' Contacts With California Do Not Weigh Against A Transfer. ........................................................................ 11

      G.   Connecticut's Interest In This Matter Is Stronger Than California's, Favoring A Transfer ............................................... 13

      H.   Costs Of Litigation Do Not Mandate Retaining This Action In California ......................................................................... 14

IV.    CONCLUSION ........................................................................... 15

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*Am. Univ. Sys., Inc. v. Am. Univ.,*

4
    858 F.Supp.2d 705 (N.D. Tex. 2012) ............................................................. 13

5
*Catch Curve, Inc. v. Venali, Inc.,*
    2006 WL 4568799 (C.D. Cal., Feb. 27, 2006) ....................................... 3, 6, 10

6
*Gelber v. The Leonard Wood Memorial For the Eradication Of Leprosy And The*

7
*American Leprosy Foundation, And American Leprosy Missions, Inc.,*
    2007 U.S. Dis. LEXIS 47535 (N.D. Cal. 2007) ............................................... 8

8
*Golf Oil Corp. v. Gilbert,*

9
    330 U.S. 501 (1947) ....................................................................................... 13

10
*Harris Trust and Sav. Bank v. SLT Warehouse Co., Inc.,*

11
    605 F.Supp. 225 (N.D. Ill. 1985) ..................................................................... 4

12
*Helfant v. Louisiana & Southern Life Ins. Co.,*
    82 F.R.D. 53 (E.D.N.Y. 1979) ..................................................................... 6, 8

13

14
*HollyAnne Corp. v. TFT, Inc.,*
    199 F.3d 1304 (Fed. Cir. 1999) ....................................................................... 8

15
*Inherent.com v. Martindale-Hubbell,*
    420 F.Supp.2d 1093 (N.D. Cal. 2006) .......................................................... 3, 4

16

17
*Klein v. Domino's Pizza, Inc.,*
    769 F.Supp. 152 (D. Vt. 1991) ...................................................................... 14

18
*Kolko v. Holiday Inns, Inc.,*

19
    672 F.Supp. 713 (S.D.N.Y. 1987) .............................................. 2, 8, 13, 14, 15

20
*Los Angeles Memorial Coliseum Commission v. National Football League,*
    89 F.R.D. 497 (C.D. Cal. 1981) ................................................................... 5, 6

21
*Pacific Car & Foundry Co. v. Pence,*

22
    403 F.2d 949 (9th Cir. 1968) ........................................................................ 3, 8

23
*Promuto v. Waste Management, Inc.,*
    44 F.Supp.2d 628 (S.D.N.Y. 1999) .................................................................. 6

24

25
*Solom v. Continental American Life Ins. Co.,*
    472 F.2d 1043 (3rd Cir. 1973) ....................................................................... 14

26
*STX, Inc. v. Trik Stik, Inc.,*
    708 F.Supp.1551 (N.D. Cal 1988) ................................................................... 8

27

28

**YOUNG, ZINN & BATE LLP**
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YOUNG, ZINN & BATE LLP**
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

*Tobinick v. Novella,*
    2014 WL 7407500 (S.D. Fla., Sept. 25, 2014)..................................................13

*Williams v. Bowman*,
    157 F.Supp.2d 1103 (N.D. Cal. 2001) ...............................................................4

**STATUTES**

CT Gen Stat § 10a-55m .........................................................................................13

**RULES**

Federal Rule of Civil Procedure 45(c).....................................................................6

iii

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

I.       **INTRODUCTION**

Nothing in Plaintiff's Opposition changes the key facts that support transferring this case to the District of Connecticut.  In fact, Plaintiff does not dispute that ***the operative events that gave rise to this action occurred in Connecticut*** or that ***nine of the fourteen fact witnesses identified in the Complaint reside in Connecticut.*** Instead, Plaintiff attempts to justify his decision to file this action in California by noting his preference for California, based in part on his alleged permanent residence here, and the convenience of his expert witnesses and fact witnesses who are only tangentially related to this matter and were not identified in the Complaint.

Plaintiff's arguments in favor of allowing this litigation to proceed in California are not supported by the facts or the law governing transfers.  Plaintiff is not entitled to deference in his choice of forum because the operative facts giving rise to the action occurred in Connecticut and because he has engaged in gamesmanship in selecting California as the forum for this action.  Notably, Plaintiff's declaration makes no mention of where he is currently living.  In fact, Yale was recently informed that ***Plaintiff is currently attending school in New York***, making it far more convenient for him to attend trial in Connecticut than California and significantly discrediting his argument that California is the best forum for this action.

With respect to the convenience of the witnesses, the Court must give consideration to the nature and quality of the testimony likely to be provided by each witness.  Unlike the witnesses that Plaintiff has now identified, the witnesses identified in Yale's Motion to Transfer Venue ("Motion") are the key fact witnesses who will need to give live testimony at trial to enable a judge or jury to evaluate their credibility.

Accordingly, as explained in Yale's Motion and herein, this matter should be transferred to the District of Connecticut because it is the district where the relevant

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**YOUNG, ZINN & BATE LLP**
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

events occurred, where the majority of the parties and witnesses reside, and where key non-party witnesses are subject to compulsory process, and because it is the district with the greatest interest in the controversy.  *See Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713, 715 (S.D.N.Y. 1987) (granting a transfer from New York to Florida based on the fact that defendant's witnesses, including its employees, predominantly resided in Florida and the relevant events occurred there, even where plaintiff, a college student who was attending school in Pennsylvania, initiated the lawsuit in New York, the state of his permanent residence.)

## II.     <u>STATEMENT OF FACTS ALLEGED IN THE COMPLAINT</u>

Plaintiff made a number of coy statements in his Opposition regarding the bases for his claims, necessitating a brief recitation of the facts and claims against Yale.[1]  Plaintiff has asserted five purported causes of action against Yale for: (1) Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*; (2) Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*; (3) Breach of Contract; (4) Promissory Estoppel; and (5) Negligence.  **All** of Plaintiff's claims stem from his allegation that Yale's conduct in connection with its investigation into a complaint of sexual misconduct made against him and Yale's subsequent decision to expel him were unlawful.  (Opp. at 1:2-4; 9-16; Compl. ¶¶ 172-204.)  In his Title IX claim, Plaintiff claims that alleged errors in Yale's investigation and its decision to expel him were motivated by gender bias.  (Compl. ¶¶ 174-175.)  In his Title VI claim, Plaintiff alleges that those same actions were motivated by race and/or national original bias.  (Compl. ¶¶ 184-185.)  Plaintiff's breach of contract, promissory estoppel and negligence claims primarily allege that

---

[1] Despite having devoted a great deal of space in his Complaint to allegations related to Accuser, Dorame and Brown's alleged conspiracy to falsely accuse him of sexual assault so they could take control of Yale's Native American Cultural Center, Plaintiff stated in his Opposition that this case is not ***necessarily*** about Accuser's allegedly false claim against him or the alleged conspiracy to take control of the Native American Cultural Center.  (Opp. at 1:4-8.)

1    Yale failed to follow its own processes in the investigation.  (Compl. ¶¶ 191, 198,
2    202-203.)

3    **III.    ARGUMENT**

4         In his Opposition, Plaintiff does not dispute that the District of Connecticut
5    would have personal jurisdiction over Yale, that it would have subject matter
6    jurisdiction over this action, or that it is a forum where this action could have been
7    brought.  Instead, he argues that a transfer would not promote the interests of the
8    parties and the public.  Plaintiff's arguments are unavailing and the factors
9    enumerated in Yale's Motion and herein dictate that this matter should be
10   transferred to the District of Connecticut.

11        **A.    Plaintiff's Choice Of Forum Is Entitled To Little Weight**
12              **Because The Operative Facts Occurred In Connecticut And**
13              **Plaintiff's Decision To File This Action In California Is**
14              **Blatant Forum Shopping.**

15        In his Opposition, Plaintiff concedes that Yale's investigation took place in
16   Connecticut.  (Opp. at 2:9-10.) This admission dooms his argument that his choice
17   of forum should be given substantial deference.  As described in Yale's Motion, and
18   even in cases Plaintiff cites to advance his position, Plaintiff's choice of forum is <u>not</u>
19   entitled to deference where, as here, "the operative facts have not occurred within
20   the forum of original selection." *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d
21   949, 954 (9th Cir. 1968); *Catch Curve, Inc. v. Venali, Inc.,* 2006 WL 4568799, *2
22   (C.D. Cal., Feb. 27, 2006) ("deference to the plaintiff's choice of forum is
23   diminished if the moving party establishes one or more of the following factors: ***(1)***
24   ***the operative facts have not occurred within the forum***…or ***(4) the subject matter***
25   ***of the litigation is not substantially connected to the forum.***") (emphasis added);
26   *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006)
27   (transferring action to New Jersey because California had "no relation to the parties
28   or the dispute" where plaintiff only recently relocated to California and operative

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

3

1  events occurred elsewhere);  *Harris Trust and Sav. Bank v. SLT Warehouse Co.,*

2  *Inc.*, 605 F.Supp. 225, 227 (N.D. Ill. 1985) ("Section 1404(a) does not accord

3  plaintiff's choice of forum the decisive weight it enjoyed under forum non

4  conveniens. ... And for over 30 years it has been ***clear that factor merits minimal***

5  ***consideration where (as here) the chosen forum bears no relation to the events***

6  ***giving rise to the cause of action***.") (Emphasis added.)

7      Plaintiff's claims are based entirely on conduct that occurred in Connecticut.

8  While Plaintiff attempts to imbue significance to Yale's recruiting efforts in

9  California, and notes that he was contacted by Yale in California prior to accepting

10  admission, this argument is unavailing.  This case is not about why Plaintiff chose to

11  attend Yale.  Plaintiff has not made claims related to any purported

12  misrepresentation in the recruitment process.  Rather, his claims are based on Yale's

13  investigation of his sexual misconduct and Yale's decision to expel him – all of

14  which occurred in Connecticut.

15      Plaintiff's choice of forum is further undermined by the fact that his decision

16  to file this lawsuit in California is blatant forum shopping.  *See Williams v. Bowman*,

17  157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that

18  plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be

19  accorded little deference."); *see also Inherent.com*, 420 F.Supp.2d at 1101 (transfer

20  appropriate where plaintiff appeared to be forum shopping and trying to "game …

21  the venue question.")

22      In his declaration in support of his Opposition, Plaintiff artfully describes his

23  residence in California only as his "permanent residence."  He does not say that he

24  currently lives in California.  Instead, he indicates he "always believed [he] would

25  return to Los Angeles to live after the completion of [his] education."  (Plaintiff's

26  Decl., ¶ 4.)  The reason for Plaintiff's artful drafting is now apparent, as Yale was

27  recently informed that ***Plaintiff is currently attending school in New York***,

28  thousands of miles away from this action in California.  This, coupled with

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

4

is

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1  Plaintiff's ongoing litigation in Connecticut, [2] demonstrates that Plaintiff's decision

2  to file this action in California was the result of forum shopping.

3        In fact, Plaintiff all but admitted to forum shopping – arguing, without citing

4  any evidence, that this matter should not be transferred because he fears "the

5  pervasiveness of Yale's influence, both positive and negative, on the potential jury

6  pool" in Connecticut.[3]  (Opp. at 15:6-13.)  Plaintiff should not be permitted to

7  substantially inconvenience numerous witnesses simply because he believes he will

8  get a better result in California.  Given that none of the operative events occurred in

9  California and Plaintiff's choice of forum appears to be purely based on

10  gamesmanship, his decision to file this lawsuit in California should be given no

11  deference.

12        Even if Plaintiff's choice of forum were given deference, Yale has met its

13  burden of demonstrating that the convenience of the parties and witnesses and the

14  interests of justice weigh in favor of a transfer to the District of Connecticut.

15      **B.**   **The Convenience Of The Majority Of The Witnesses,**

16          **Particularly Key Non-Party Witnesses Who Are Not Subject**

17          **To Compulsory Process In California, Supports A Transfer.**

18        As described in Yale's Motion, ***nine of the fourteen key fact*** witnesses

19

20  [2] Plaintiff does not dispute that he is the plaintiff in another matter proceeding in Connecticut

21  against three of the witnesses identified in his Complaint and that he has counsel there.  Instead, he
avers that the matters are unrelated, because his Connecticut case is based on alleged defamation,

22  that he did not have the ability to file that case in California because the defendants had no
connection to California, and that his current Connecticut counsel would be unable to represent

23  him in this matter.  Plaintiff's attempts to distinguish his ongoing litigation in Connecticut from
this matter are unconvincing.  The fact remains he is litigating a case in Connecticut, will already

24  need to travel there for depositions and trial, and has demonstrated an ability to find counsel in
Connecticut.

25  [3] Such speculation is insufficient.  Evidence of actual bias is required to warrant consideration on a
motion to transfer venue.  *See, e.g., Los Angeles Memorial Coliseum Commission v. National*

26  *Football League*, 89 F.R.D. 497, 502-512 (C.D. Cal. 1981) (mere perception that a local jury
would be prejudiced due to publicity or personal interest in the matter not sufficient for

27  consideration on a motion to transfer; actual prejudice and inability to obtain fair jurors would
have to be shown.)

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1  identified in Plaintiff's Complaint currently reside in Connecticut, including two –

2  Hodgson and Accuser – who would not be subject to compulsory process in

3  California.[4]  This fact, which Plaintiff did not dispute, strongly weighs in favor of a

4  transfer.  However, attempting to tip the scales on this factor in favor of California,

5  Plaintiff identified two additional types of witnesses who he claims reside in

6  California or the surrounding area – seven former Yale students and five

7  professional, expert witnesses.  Plaintiff's effort falls short.

8         As an initial matter, the convenience of expert witnesses is given little to no

9  weight in deciding whether a transfer is appropriate.  *See, e.g., Promuto v. Waste*

10 *Management, Inc.*, 44 F.Supp.2d 628, 639-40 (S.D.N.Y. 1999) ("the convenience of

11 expert witnesses is entitled to little weight, if any."); *Helfant v. Louisiana &*

12 *Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979) ("the convenience of

13 expert witnesses is not entitled to much, if any, consideration.")  Thus, the Court

14 should not consider the convenience of Plaintiff's experts – Dr. Golden, Judy

15 Malmgren, R.N., Dr. Amy Phenix, Dr. James Walton, and Dr. Theodore Hariton.

16        Additionally, "[i]n balancing the convenience of witnesses, courts must

17 consider not only the number of witnesses, but also the nature and quality of their

18 testimony." *Catch Curve, Inc.*, 2006 WL 4568799, *3.  In particular, the court

19 should consider the importance of the identified witnesses' live testimony at trial.

20 *See Los Angeles Memorial Coliseum Commission*, 89 F.R.D. at 501 ("In assessing

21 the effect of a transfer on the convenience of witnesses, courts consider the effect of

22 a transfer on the availability of certain witnesses, and their live testimony, at trial.

23 Depositions, deadening and one-sided, are a poor substitute for live testimony

24 especially where … vital issues of fact may hinge on credibility.") (Citations and

25 quotations omitted.)

26 _____

27 [4] Plaintiff's argument that Hodgson holds quasi-employment status and can be directed to travel to California is not supported by any evidence or law and should be disregarded.  Indeed, it is contrary to Federal Rule of Civil Procedure 45(c).

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1    Based on Plaintiff's allegations and his causes of action, the facts that are at

2    issue in this case relate to Yale's investigation (which was conducted by Hodgson),

3    the hearing regarding the sexual misconduct complaint (which was conducted by the

4    UWC panel), Yale's decision to expel Plaintiff (which was made by Dean Miller),

5    and Yale's decision to deny Plaintiff's appeal of the expulsion (which was made by

6    Provost Polak).  The witnesses identified by Yale are key witnesses who are likely

7    to provide lengthy, substantive testimony regarding these issues.  In addition, their

8    live testimony at trial is necessary because Plaintiff has called their motivations and

9    credibility into question by alleging that Yale's actions, and the actions of its

10    witnesses, were motivated by gender, race, and/or national origin bias.  (Compl. ¶¶

11    175-176, 184-185.)  Thus, Yale's witnesses will need to attend trial live so their

12    credibility can be assessed by the judge or the jury.

13    Hodgson, the fact-finder, is likely to be the most important witness in this

14    matter, and, significantly, is not employed by Yale and is not subject to compulsory

15    process in California.  (Rose Decl., ¶ 6.)  Hodgson's attendance at trial and live

16    testimony will be necessary to address Plaintiff's allegations that her investigation

17    was deficient.  She is expected to be able to provide lengthy testimony regarding the

18    process she undertook to investigate Accuser's allegations, the facts she considered,

19    and the information she provided to the UWC panel.

20    The members of the UWC panel will also need to attend trial to provide

21    substantive testimony regarding the evidence presented at the hearing and the bases

22    for their recommendation that Plaintiff be expelled.  Miller, Yale's former Dean,

23    and Polak, Yale's Provost, will also be necessary witnesses at trial.  Their live

24    testimony will be necessary to establish the facts that they considered in reaching

25    their respective decisions to expel Plaintiff and deny his appeal and to address

26    Plaintiff's allegations that their decisions were based on gender, race, and/or

27    national origin bias.

28    Depending on the allegations Plaintiff intends to pursue, Accuser may also be

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

7

1    an important witness whose live testimony is necessary at trial.  While Plaintiff has

2    apparently backed away from his allegations related to Accuser's alleged conspiracy

3    to gain control of the Native American Cultural Center, those allegations remain in

4    the Complaint, thus Accuser's live testimony may still be necessary to address them

5    as well.  Like Hodgson, Accuser is not subject to compulsory process in California.

6    If this matter is not transferred, she could not be compelled to attend trial, and likely

7    would not.

8         All of the witnesses identified above reside in Connecticut or the surrounding

9    area.  (Rose Decl., ¶¶ 4-8.)  Regardless of whether or not they are Yale employees,

10   they would be substantially inconvenienced by having to travel thousands of miles

11   to give lengthy testimony at a trial in California.  *See Kolko,* 672 F.Supp. at 715

12   (considering the convenience of defendant's employees in assessing a motion to

13   transfer venue because "[t]he employment schedules and personal lives of these

14   individuals will be inconvenienced if required to appear for several days in New

15   York.")  *See, also, Pacific Car & Foundry Co.*, 403 F.2d at 953 (reversing denial of

16   transfer where many witnesses, including several members of defendant's corporate

17   staff, would have to travel to original forum in order to give testimony with

18   consequent disruption to defendant's operations); *Helfant*, 82 F.R.D. at 58 ("The

19   obvious disruption caused to [witnesses'] daily work routine and that of the

20   corporations they work for is persuasive evidence that such a transfer would

21   promote the parties' convenience.")[5]

22   _____

23   [5] It is not the case, as Plaintiff asserts, that the convenience of a defendant's employees is
disregarded.  Plaintiff's reliance on *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n. 2 (Fed.
Cir. 1999) is misplaced.  The court in *HollyAnne* did not make any ruling on a motion to transfer

24   venue.  It merely commented on the lower court's decision on that motion in a footnote.
Similarly, in *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551 (N.D. Cal 1988), which was cited with

25   approval by *Gelber v. The Leonard Wood Memorial For the Eradication Of Leprosy And The
American Leprosy Foundation, And American Leprosy Missions, Inc.*, 2007 U.S. Dis. LEXIS

26   47535 (N.D. Cal. 2007), the Court's statements were related to whether defendant's employees
could be compelled to attend trial out-of-state, not whether it would be convenient for them to do

27   so.

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

8

1    In contrast, the witnesses that Plaintiff identified in his Opposition are

2  unlikely to provide lengthy or substantive testimony.  With respect to the experts,

3  even if their convenience is considered, Plaintiff concedes that their testimony is

4  relevant primarily to his allegation that Hodgson and the UWC panel, "refused to

5  speak with them."  (Opp. at 12:9-12.)  Thus, their testimony, if any, is likely to be of

6  limited quality and relevance and could easily be presented by way of deposition

7  testimony or videoconferencing.

8    With respect to the former Yale students identified in Plaintiff's Opposition,

9  **none** are alleged to have witnessed the sexual encounter between Plaintiff and

10  Accuser, thus, their testimony will be of limited probative value.  In fact, Plaintiff's

11  counsel's declaration describes these witnesses' knowledge as limited to facts

12  regarding the names of witnesses offered to Yale who were not contacted, which

13  would be short, non-substantive testimony, and the "events involving Accuser,

14  Dorame, and Brown," an issue that Plaintiff has now indicated is "not necessarily"

15  central to this case.[6]  (Kurtz Decl., ¶ 5-11; Opp. at 1:4-8.)

16    Overall, the witnesses identified by Plaintiff are not likely to provide

17  extensive testimony at trial.  Additionally, the credibility of these witnesses is not

18  nearly as important as the credibility of Yale's witnesses, who Plaintiff alleges were

19  motivated by gender, race and/or national origin bias.  Thus, the witnesses that

20  Plaintiff has identified do not necessarily need to give live testimony at trial and, as

21

22

23  [6] Plaintiff's counsel describes Professor Theodore Van Alst's testimony as similar to that of the
24  former Yale students.  He indicates Professor Theodore Van Alst has knowledge of the
investigation, the names of witnesses who were not contacted, and "events involving the Accuser,
25  Dorame and Brown."  (Kurtz Decl., ¶ 4.)  Because Professor Theodore Van Alst's testimony is
likely to be similar to that of the other identified witnesses, and his credibility was not put at issue
26  by the Complaint, his apparent unwillingness to travel to Connecticut for trial is not a factor that
should be considered.  One witness' preference for California, particularly when he would be
27  required to travel to attend trial in either potential venue, should not be used to force all other out-
of-state witnesses to travel to California.
28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

9

1    Plaintiff suggests, if traveling to Connecticut would be burdensome for them,

2    modern technology can ease that burden.  (Opp. at 7:19-8:7.)

3         Because the majority of the witnesses who are likely to be required to provide

4    lengthy, in-person testimony at trial reside in Connecticut, a transfer would not, as

5    Plaintiff argues, merely shift the burdens or inconvenience of litigation from one

6    party to another.  It would eliminate the significant inconvenience that would be felt

7    by the majority of the witnesses Plaintiff identified in his Complaint.  Further,

8    because all of the events relevant to this case occurred in Connecticut, it is likely

9    that any additional witnesses who may be identified in the future through discovery

10   would also reside in Connecticut.  A transfer would therefore serve the interests of

11   more than just the few former Yale students and expert witnesses identified by

12   Plaintiff who are only tangentially involved in this matter.  The interest of the

13   majority of the identified witnesses and the witnesses who may be identified in the

14   future strongly favors a transfer.

15        **C.    The Location Of The Events Pertinent To Plaintiff's Causes**

16             **Of Action Favors A Transfer.**

17        In his Opposition, Plaintiff argues that the location of the events giving rise to

18   his claims is not significant because this is not the type of case that would require a

19   site visit.  (Opp. at 7:12-24.)  His narrow argument is unavailing.  Indeed, the

20   location of the events giving rise to Plaintiff's claims is so significant that many of

21   the cases that Plaintiff cites acknowledge that if the pertinent events did not occur in

22   the forum state, Plaintiff's choice of forum is discounted.  *See, e.g., Catch Curve,*

23   *Inc.* 2006 WL 4568799, *2 ("deference to the plaintiff's choice of forum is

24   diminished if the moving party establishes …the operative facts have not occurred

25   within the forum.")  Here, there can be no dispute that the relevant events occurred

26   in Connecticut and that this is a key factor that weighs strongly in favor of a

27   transfer.

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

**D.   The Parties' Contacts With Connecticut Favors A Transfer.**

Plaintiff's argument that the parties' contacts with Connecticut do not favor a transfer is similarly unconvincing.  (Opp. at 9:6-14.)  The fact that Plaintiff is currently barred from entering Yale's property (which does not encompass all of New Haven, Connecticut) does not preclude Plaintiff from litigating this case in the courthouses in the District Court in Connecticut (which are not located on Yale's property), nor does it preclude him from seeking an attorney there or attending depositions at office buildings in New Haven, Connecticut.  As described in Yale's Motion, Yale is incorporated in New Haven, Connecticut, its campus and principal place of business are there, and the relevant events occurred there.  Thus, this factor weighs in favor of a transfer.[7]

**E.   The Governing Law Favors A Transfer.**

To the extent the Court considers the law governing this action in evaluating whether a transfer is appropriate, this factor also favors transferring the matter to the District of Connecticut.  While Plaintiff's primary claims appear to be his federal Title IX and Title VI claims, he has also asserted claims for breach of contract, promissory estoppel, and negligence.  Because these claims arise out of events that occurred in Connecticut, Connecticut law is likely to govern these claims and this factor weighs in favor of a transfer.

**F.   The Parties' Contacts With California Do Not Weigh Against A Transfer.**

In his Opposition, Plaintiff argues that the parties' and witnesses' contacts with California favor retaining this action in California.  (Opp. at 8:13-9:2; 11:11-12:23; 16:15-17:20.)  Yale has addressed Plaintiff's arguments regarding the witnesses' convenience in Section II.B.  With respect to Plaintiff's interest in litigating in California, as discussed above, because the operative events occurred in

---

[7] Plaintiff's argument regarding location of the witnesses is addressed in Section II.B.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1  Connecticut, Plaintiff's choice of forum should not receive deference.  In addition,

2  Plaintiff's connection to California is not nearly as significant as his Opposition may

3  lead the Court to believe.  Since the time Yale began its investigation into the sexual

4  misconduct complaint, Plaintiff has only returned to California from time-to-time.

5  He has resided in other states, including Massachusetts, South Dakota, and Hawaii,

6  for months or years at a time.  (Compl. ¶¶ 81,101-104.)  Most significantly, nowhere

7  in Plaintiff's declaration does he aver that he currently lives in California; only that

8  he has a "permanent residence" there and that he "always believed that [he] would

9  return to Los Angeles to live after completion of [his] education."  (Plaintiff's Decl.

10  ¶ 4.)  Indeed, *Yale is informed and believes that Plaintiff currently lives in New*

11  *York*, where he is attending a prestigious university.  Thus, while Plaintiff may

12  consider California his "permanent" residence, he has submitted no evidence that he

13  lives in California, and cannot claim that he would be inconvenienced by a transfer.

14  He will be required to travel, and take time away from his studies, no matter where

15  this action proceeds and, to the extent that Plaintiff currently lives in New York,

16  transferring this action to Connecticut would likely make attendance at trial and

17  other key events less expensive and disruptive for Plaintiff.

18       Yale's connection to California is also limited and, contrary to Plaintiff's

19  assertions, it would be denied due process if it were forced to litigate this matter in

20  California.[8]  In fact, the only activities that Plaintiff alleges Yale has undertaken in

21  California are activities related to recruiting students and donors.  As discussed

22  above, Yale's recruiting efforts are not relevant to this matter because this case

23  involves the way Plaintiff was treated as a student at Yale, not his decision to attend

24  Yale.

25  _____

26  [8] As indicated in its Motion and the stipulations the parties have filed with the Court, Yale contests
   personal jurisdiction in California.  If Yale's Motion to Transfer is not granted by Yale's

27  November 9, 2015 responsive pleading deadline, Yale intends to file a timely motion to dismiss
   for lack of personal jurisdiction.

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

12

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1    Additionally, Yale's recruiting efforts in California do not subject it to

2    general personal jurisdiction in the state.  *See Tobinick v. Novella,* 2014 WL

3    7407500, *3 (S.D. Fla., Sept. 25, 2014) ("[c]ourts have repeatedly held … that in

4    cases involving personal jurisdiction over an out-of-state educational institution ...

5    the institution is not subject to general personal jurisdiction where its only contacts

6    with the forum state are its involvement in activities that are typical of a nationally

7    prominent university.") (citations and quotations omitted); *see also Am. Univ. Sys.,*

8    *Inc. v. Am. Univ.*, 858 F.Supp.2d 705, 713-17 (N.D. Tex. 2012) ("Evidence that a

9    university recruits or admits students from the forum state, employs forum residents,

10   receives revenue from the state in the form of tuition or fundraising, or has contacts

11   with prospective students and alumni in the state is simply insufficient to support the

12   exercise of general jurisdiction.")  Thus, it cannot be said that Yale has an economic

13   interest or presence in the state of California so significant that litigation here would

14   not be an inconvenience to Yale.  To the contrary, requiring several high-level Yale

15   administrators as well as numerous witnesses to travel to California to attend a

16   lengthy trial would significantly inconvenience Yale and disrupt its operations.

17        **G.    Connecticut's Interest In This Matter Is Stronger Than**

18               **California's, Favoring A Transfer.**

19        To the extent the Court considers the respective forum state's interests in this

20   litigation, this factor clearly favors a transfer to Connecticut because Connecticut's

21   interest in this matter outweighs California's.  Connecticut has a significant interest

22   in regulating conduct that occurs within the state and the conduct at issue here.  *See*

23   *Kolko*, 672 F.Supp. at 716 ("The public interest requires that 'localized

24   controversies [be] decided at home.'") (quoting *Golf Oil Corp. v. Gilbert*, 330 U.S.

25   501, 509 (1947)).  In fact, Connecticut has adopted legislation governing sexual

26   misconduct disciplinary proceedings at universities within the state.  *See* CT Gen

27   Stat § 10a-55m.  Thus, Connecticut has demonstrated an intent to regulate the type

28   of conduct that is at issue in this case and it has a significant interest in overseeing

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

13

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1   this litigation because its laws will need to be reviewed and interpreted in the course

2   of adjudicating this matter.

3     **H.**  <u>**Costs Of Litigation Do Not Mandate Retaining This Action**</u>

4       <u>**In California.**</u>

5      Plaintiff's argument that Yale is better able to afford litigation in an

6   inconvenient forum should be disregarded, particularly in light of the fact that

7   Plaintiff does not aver that he lives in California and Yale is informed and believes

8   that Plaintiff is currently living and attending school in New York. (Opp. at 13:3-

9   15:13.)  In fact, "[t]he relative economic ability of the parties to proceed with a case

10  has rarely been a dispositive reason to grant or deny a venue change."  *Kolko,* 672

11  F.Supp. at 716; *see also Klein v. Domino's Pizza, Inc*., 769 F.Supp. 152, 153 (D. Vt.

12  1991) (granting a transfer even where plaintiff alleged he did "not [have] the

13  financial means to litigate in [another former], and contrast[ed] his status (and the

14  status of his attorney, a solo practitioner) with the resources available to defendant, a

15  large corporation operating nationwide.")

16     Plaintiff has not made a convincing showing that he would be unable to attend

17  trial in Connecticut or find counsel to litigate this matter in Connecticut.  Plaintiff is

18  currently pursuing litigation in Connecticut, demonstrating that he does have the

19  ability to locate counsel in Connecticut and travel there for trial and other events.

20  While his current Connecticut counsel may be unwilling to undertake this case on a

21  contingency fee basis, he is undoubtedly not the only attorney in Connecticut, and

22  Plaintiff has made no showing that he has looked for and was unable to find counsel

23  in Connecticut to handle this matter.  Nor has he made any showing that his current

24  California counsel would be unable to continue to litigate this matter with the

25  assistance of low cost local counsel in Connecticut.  Although he may claim that

26  litigation in Connecticut would be inconvenient for his California counsel, "[t]he

27  convenience of counsel is not a factor to be considered." *Solom v. Continental*

28  *American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1    In light of the substantial inconvenience and costs that litigation in California

2  would present to the vast majority of the witnesses, this matter should be transferred

3  to the District of Connecticut.  *See Kolko,* 672 F.Supp. at 716 (granting a transfer

4  from New York to Florida based on the fact that defendant's witnesses, including its

5  employees, predominately resided in Florida and the relevant events occurred there,

6  even where plaintiff, a college student who was attending school in Pennsylvania,

7  initiated the lawsuit in New York, the state of his permanent residence.)

8  **IV.    <u>CONCLUSION</u>**

9    For the forgoing reasons, and the reasons set forth in Yale's Motion,

10  Yale respectfully requests that this matter be transferred to the District of

11  Connecticut.

12

13  DATED:  October 19, 2015      JULIE ARIAS YOUNG

14                                KAREN J. PAZZANI

15                                YOUNG, ZINN & BATE LLP

16

17                                By:   /s/ Karen J. Pazzani

18                                      JULIE ARIAS YOUNG

19                                      KAREN J. PAZZANI

                                        Attorneys for Defendant

                                        YALE UNIVERSITY

20

21

22

23

24

25

26

27

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

1

## <u>PROOF OF SERVICE</u>

2

3          I am a citizen of the United States and employed in Los Angeles County,
California.  I am over the age of 18 and not a party to the within action.  My
4   business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California
90017.

5

6          On October 19, 2015, I hereby certify that I electronically filed the foregoing
document described as **DEFENDANT YALE UNIVERSITY'S REPLY IN**
7   **SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT**
**OF CONNECTICUT PURSUANT TO 28 USC § 1404(a)** with the Clerk of the
8   Court for the United States District Court, Central District of California.
Participant(s) in the case who are registered users will be served by the CM/ECF
9   system, electronically transmitted on the following interested parties in this action at
the email addressed below:
10

11

| Gary Kurtz, Esq. | Representing Plaintiff |
|---|---|
| Law Office of Gary Kurtz | JOHN DOE |
| A Professional Law Corporation | |
| 30101 Agoura Court, Suite 130 | |
| Agoura Hills, California  91310 | |
| Tel.: 818-884-8400 | |
| Fax: 818-884-8404 | |
| Email: gary@garykurtzlaw.com | |

12

13

14

15

16

17

18          I declare that I am employed in the office of a member of the bar of this court
at whose direction the service was made.
19

20          Executed on October 19, 2015, at Los Angeles, California.

21

22                                                           _____
                                                                      Jessica Alvarez
23

24

25

26

27

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017