UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-01608 (AVC) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, Et Al | : | |
| | : | |
| Defendants | : | JUNE 6, 2016 |

**REPLY TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AND SECOND COUNTS OF PLAINTIFF'S COMPLAINT**

The defendant hereby replies to the plaintiff's opposition to the defendant's motion to dismiss.

**I.    The Plaintiff Makes Arguments Based on a Claim Not Alleged in the Complaint.**

The plaintiff argues that Title IX and Title VI require schools to prevent student-on-student harassment. (Memo. of Law in Supp. of Pl.'s Opposition to Mot. to Dismiss First and Second Counts of Pl.'s Compl. (hereinafter "Opp."), at p. 2.) He claims that the United States Department of Education, Office for Civil Rights requires that a school "'take immediate and appropriate action to investigate or otherwise determine what occurred' because 'a school has notice of harassment if a responsible employee knew, or in the exercise of reasonable care should have known, about the harassment.'" (Opp., at p. 2.) The complaint does not contain any allegations asserting that the defendant failed to comply with Department of Education regulations. In addition, there are no allegations suggesting that the plaintiff complained that

Accuser had harassed him. The plaintiff further argues that the defendant's duties under Title IX and Title VI required it to ensure that Accuser's filing was not itself a tool for racial or sexual harassment. (Opp., at p. 3.) Setting aside the fact that the plaintiff offers no authority for this argument, the complaint does not allege that the defendant failed to ensure that Accuser's complaint was not filed for the purpose of sexually or racially harassing the plaintiff. The allegations against the defendant claim that it deviated from its own procedures and reached an erroneous outcome in investigating Accuser's complaint due to racial and gender discrimination. There is no claim in the complaint that the defendant failed to prevent harassment by Accuser.

The plaintiff also argues that the defendant's actions were based on stereotypes of the responsibility of men and women in sexual encounters. (Opp., at p. 22.) He further asserts that the factfinder's report "reflects a clear and striking gender bias founded on stereotypes concerning women's sexual roles, likes and dislikes." However, the complaint makes no allegations regarding stereotypes. The plaintiff cannot defeat a motion to dismiss by offering allegations in his opposition brief which do not appear in the complaint.

## II.     The Complaint Fails under the Standard Set Forth in Doe v. Brown

The plaintiff criticizes the defendant for relying on Doe v. Columbia Univ., 2015 LEXIS 52370 (S.D.N.Y. April 21, 2015), because that decision is on appeal. (Opp., at p. 5.) There is clearly a split of authority in the district courts regarding the pleading requirements for a complaint asserting Title IX and Title VI claims in connection with a university's

2

investigation of a claim of sexual misconduct.[1] Normally, this could militate for this Court to withhold its decision until that conflict has been resolved by the Second Circuit. However, the split of authority is of no consequence in this case, because the plaintiff's claims fail under both standards.

In <u>Doe v. Brown Univ.</u>, the district court found that the plaintiff properly stated an erroneous outcome claim under Title IX because it pled specific factual allegations suggesting gender bias. The plaintiff asserted that, upon information and belief, an employee of Brown University stated that the University treated male students as guilty until proven innocent, had "loaded the dice against the boys," and operated under the assumption that it was always the male's fault. He also alleged, upon information and belief, that a professor at Brown University stated that there was an overwhelming gender bias at the University, when referring sexual misconduct cases. The complaint allege, upon information and belief, that a professor held a debate to discuss rape issues on campus. During that debate, a female debater remarked that males were bad and females were the victims. The professor agreed that the remarks were consonant with the culture of thinking on campus. The plaintiff also cited two specific cases which he claimed evidenced a pattern of showing gender bias in favor of female students in cases of sexual misconduct. <u>Doe v. Brown Univ.</u>, 2016 U.S. Dist. LEXIS 21027 •26-27 (February 22, 2016). While these allegations were made upon information and belief, they identified the source of the information as agents of the University. In this regard, the district court observed: "Plaintiff's erroneous outcome allegations would be insufficient if they simply

---

[1] <u>Doe v. Brown Univ.</u> was decided after the defendant filed its motion to dismiss.

stated something akin to: 'Upon information and belief, procedural defects were motivated by gender bias.'" Id. at *29, quoting Doe v. Salisbury, 2015 U.S. Dist. LEXIS 110772 •41 (D. Md. August 21, 2015). That is precisely what the present plaintiff as done.

The plaintiff in the present case makes multiple assertions based on information and belief. However, unlike the plaintiff in Doe v. Brown Univ., he does not identify the source of the information either by name or title. Instead, his allegations are similar to those in Salisbury, which are insufficient to withstand a motion to dismiss. In Doe v. Brown, the plaintiff alleged that agents of the defendant provided the information supporting the allegations made upon information and belief. Since the present plaintiff fails to allege that agents of the defendant provided the information, the allegations made upon information and belief are insufficient to state claims under Title IX and Title VI.

Addressing the plaintiff's deliberate indifference claim, the district court in Doe v. Brown University found that the complaint fell short of pleading such a claim. The plaintiff alleged that the deputy provost knew of the University's misconduct in the disciplinary proceedings, yet failed to correct the misconduct because the plaintiff was male. The plaintiff failed to allege any facts supporting the contention that the deputy provost knew about the University's alleged misconduct. The district court also observed that deliberate indifference claims were typically brought where a school had ignored a victim's complaint of sexual harassment or assault. Some courts had questioned its application to a case of a disciplined student. The only case which had applied deliberate indifference to a disciplined student was Wells v. Xavier Univ., 7 F.Supp.3d 76 (S.D. Ohio 2014). Wells, however, was distinguishable

because a prosecutor had previously investigated the alleged assault and advised the university's president that he believed the allegations against the male student were unfounded. The complaint in Doe v. Brown Univ. did not allege facts concerning the deputy provost's knowledge of the alleged misconduct. Therefore, the district court granted the University's motion to dismiss the deliberate indifference claim under Title IX. Doe v. Brown Univ., 2016 U.S.Dist. LEXIS 21027 •31-32 (February 22, 2016).

Similar to the plaintiff in Doe v. Brown Univ., the present plaintiff seeks to assert a claim of deliberate indifference as the student accused of sexual misconduct, but has not alleged facts sufficient to support that claim. Although the plaintiff alleges that the Dean of the Native American Cultural Center notified the Chairman of the University-Wide Committee that "he believed Accuser may have not have been truthful with the UWC, and that John was not guilty of sexually assaulting Accuser or violating Yale's sexual misconduct policy," (Complaint, at ¶ 134), this allegation is not similar to that in Wells. The plaintiff does not allege that the Dean investigated Accuser's complaint. Instead, the Dean allegedly offered his personal opinion on the credibility of Accuser. Since the plaintiff does not allege that there was a factual basis for the Dean's personal opinion as to the credibility of the Accuser, he has failed to assert a deliberate indifference claim. The fact that an individual agent of the defendant who was not involved in the investigation may have held a personal opinion as to the credibility of the Accuser does not create a basis for concluding that he University acted improperly. In cases where the complainant and the respondent disagree on what occurred during a sexual encounter, a determination on credibility will of necessity be required. The fact

5

that someone else might have reached a different conclusion is he or shoe had been the factfinder does not mean that the plaintiff's rights under either Title IX or Title VI were violated.

**III.     Title VI Does Not Permit Disparate Impact Claims.**

The plaintiff claims that, pursuant to Department of Education regulations, he is permitted to use disparate impact to prove his Title VI claim. (Opp., at p. 18.) The plaintiff has asserted such a claim under Section 601 of Title VI. The case law clearly holds that such claims may not be predicated on disparate impact. In Alexander v. Sandoval, 532 U.S. 275, 285 (2001), the U.S. Supreme Court explained that it had rejected the notion that Section 601 reached beyond intentional discrimination. In Tolbert v. Queens College, 242 F. 3d 58, 69 (2d Cir. 2001), the Second Circuit observed that a plaintiff asserting a Title VI claim must prove that the defendant intentionally discriminated against the plaintiff on the basis of his race. See also, Assoko v. City of New York, 2009 U.S. Dist. LEXIS 37096 *16 (S.D.N.Y. April 27, 2009) (Section 601 of Title VI only prohibits intentional discrimination.)  The plaintiff cannot assert a disparate impact claim under Title VI.

**IV.     The Plaintiff Had No Right to Cross-Examine His Accuser in this Case.**

Citing Goldberg v. Kelly, 397 U.S. 254, 269 (1970), the plaintiff claims that fundamental fairness requires an opportunity to confront and cross-examine adverse witnesses. Of course, Golberg involved a claim alleging that two governmental entities--New York State and New York City-- violated the Fourteenth Amendment when they terminated financial

6

benefits without prior notice and a hearing. It is axiomatic that the United States Constitution only regulates governmental entities, not private institutions. In order for the Fourteenth Amendment to apply to the defendant, the plaintiff must allege that its conduct constituted state action.  <u>Grogan v. Blooming Grove Volunteer Ambulance Corps</u>,, 768 F.3d 259, 263 (2d Cir. 2014), *cert. denied*, 135 S.Ct. 1895 (2015). The plaintiff has made no such allegation in the present case.  Therefore, the defendant is not subject to the Fourteenth Amendment, and the plaintiff had no right to cross examine witnesses.

## V. Conclusion

For the reasons stated both in this memorandum and in defendant's opening brief, the defendant's motion to dismiss should be granted.

                                         THE DEFENDANT
                                         YALE UNIVERSITY

                          BY:   /s/ Patrick M. Noonan  (#ct00189)
                                  Patrick M. Noonan
                                  Colleen Noonan Davis (#ct27773)
                                  Donahue, Durham & Noonan, P.C.
                                  741 Boston Post Road
                                  Guilford, CT 06437
                                  (203) 458-9168

## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing Reply to Memorandum of Law in Support of Plaintiff's Opposition to Motion to Dismiss First and Second Counts of Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                               /s/
                                                  Patrick M. Noonan