Case 3:15-cv-01608-AVC   Document 51   Filed 03/07/17   Page 1 of 12

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-01608 (AVC) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
|     Defendants | : | MARCH 7, 2017 |

### DEFENDANT YALE UNIVERSITY'S ANSWER

The defendant, Yale University ("defendant"), hereby answers the plaintiff's First Amended Complaint for Legal and Equitable Relief (Corrected) dated May 26, 2016. (Docket Entry #44.)

1.    The defendant admits that the plaintiff was a student at Yale University during the time of the events alleged in the complaint. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore leaves the plaintiff to his proof.

2.    The defendant admits that is a private, university with a principal address in New Haven, Connecticut. The defendant refers to the website located at http://www.yale.edu/about-yale/traditions-history for the contents thereof.

3.    The defendant refers to the U.S. News and World Report 2015 Best Colleges Rankings for the contents thereof.

4. The defendant denies the allegations contained in Paragraph 4, except to admit that it recruits and accepts students from California.

5. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore leaves the plaintiff to his proof.

6. Paragraph 6 contains a description of the case to which no response is required.

7. The defendant admits that like any entity it acts only through its agents.

8. Defendant denies the first sentence of Paragraph 8 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9-17. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9 through 17 and therefore leaves the plaintiff to his proof.

18-20. The allegations contained in Paragraphs 18, 19, and 20 were deleted.

21-62. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 21 through 62 and therefore leaves the plaintiff to his proof.

63. The defendant admits that the Accuser reported to the Yale University Police Department that she had been sexually assaulted by the plaintiff.

64-65. Defendant denies that a senior member of the Yale administration pressured the Accuser not to withdraw her complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 64 and 65.

66-73. The defendant refers to the University Wide Committee on Sexual Misconduct procedures for the contents thereof.

74-75. The defendant denies the allegations of paragraphs 74-75, except to admit that on January 15, 2014 the Accuser reported to the Yale University Police that she had been sexually assaulted, and refers to the Yale University Police Department report for the contents thereof.

76. The allegations contained in Paragraph 76 are denied.

77-78. The allegations contained in Paragraphs 77 and 78 are denied except to admit that on February 2, 2012, the plaintiff was placed on administrative suspension pursuant to Yale University's procedures.

79. The defendant denies allegations as stated, but admits that the plaintiff turned himself in to the New Haven Police Department on February 2, 2012 and was charged with sexual assault in the first degree, unlawful restraint in the first degree, and assault in the third degree based on Accuser's complaint. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and therefore leaves the plaintiff to his proof.

80. The allegations contained in Paragraph 80 are denied.

81. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and therefore leaves the plaintiff to his proof.

82. The defendant admits that, on or about February 28, 2012, Beverly Hodgson was appointed as the "Factfinder" by the University Wide Committee (UWC) on Sexual Misconduct at Yale University and that Beverly Hodgson was formerly a Connecticut Superior Court Judge, and otherwise denies the allegations of Paragraph 82.

83. Defendant denies the allegation that Judge Hodgson was "unjustly critical" of the plaintiff's demeanor, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and therefore leaves the plaintiff to his proof.

84. The allegations contained in Paragraph 84 are denied.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86. The defendant admits that the plaintiff was interviewed by the Factfinder in March, 2012 and that Accuser and Dorame declined interviews at that time.

87-96. Defendant denies the allegations contained in Paragraphs 87 through 96, except to refer to the two lengthy reports from the Factfinder for the contents thereof.

97. The defendant admits that Accuser agreed to an interview with the Factfinder until 2014, prior to the time the case was heard by the UWC panel. The defendant refers to the UWC procedures for the contents thereof.

98.     The allegations contained in Paragraph 98 are denied.

99.     The defendant denies the allegations of Paragraph 99, except to admit that the Factfinder's supplemental report refers to the interview with the Accuser.  Defendant refers to the Factfinder's supplemental report for the contents thereof.

100.    The defendant refers to the Factfinder's supplemental report for the contents thereof.

101-112.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 101 through 112, and therefore leaves the plaintiff to his proof.

113-114.    The defendant denies that the University Wide Committee on Sexual Misconduct refused to consider critical evidence when making its decision.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 113 and 114, and therefore leaves the plaintiff to his proof.

115.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and therefore leaves the plaintiff to his proof.

116.    The defendant refers to the report of James E. Walton, Ph.D. for the contents thereof.

117.    The defendant refers to Dr. Phoenix's report for the contents thereof.

118.    The defendant denies that Ms. Genoni assured the plaintiff that he would be allowed to return to Yale, and denies knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 118, and therefore leaves the plaintiff to his proof.

119-122.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 119, 120, 121, and 122, and therefore leaves the plaintiff to his proof.

123.   The defendant denies that the University Wide Committee on Sexual Misconduct panel disregarded the expert reports and refers to the UWC panel report for the contents thereof.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 123, and therefore leaves the plaintiff to his proof.

124.   The allegations contained in Paragraph 124 are denied.

125.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, other than to admit that the Factfinder's supplemental report refers to an interview with plaintiff. The defendant refers to the Factfinder's supplemental report for the contents thereof.

126.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.   The allegations contained in Paragraph 127 are denied, except that defendant admits that the Accuser was interviewed by the Factfinder. The defendant refers to the Factfinder's supplemental report for the contents thereof.

128.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and therefore leaves the plaintiff to his proof.

129.   The allegations contained in Paragraph 129 are admitted.

130.   Defendant admits that the plaintiff appeared with Ms. Genoni at the UWC hearing, made a statement and responded to questions. The remaining allegations of Paragraph 130 are denied.

131.   The allegations contained in Paragraph 131 are denied.

132-133.  Defendant denies knowledge or information sufficient to form a belief as to whether the Accuser was accompanied by an advisor. The remaining allegations contained in Paragraphs 132 and 133 are denied, except that defendant admits that the Accuser was in a separate room from the plaintiff during the hearing; and defendant further admits that, consistent with the usual practice, the plaintiff was not provided a copy of the Accuser's statement prior to the hearing.

134.   The allegations contained in Paragraph 134 are denied.

135.   Defendant admits that on May 20, 2014 the UWC panel recommended that the plaintiff should be expelled after finding that the plaintiff violated the University's Sexual Misconduct Policy, and defendant refers to the panel's report for the contents thereof.

136.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and therefore leaves the plaintiff to his proof.

137.    Defendant is unable to provide a response to Paragraph 137 because it is barred by law from disclosing personnel information about its employees and former employees.

138-140.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 138 through 140, and therefore leaves the plaintiff to his proof.

141-143.    Defendant is unable to provide a response to Paragraphs 141-143 because it is barred by law from disclosing personnel information about its employees and former employees.

144.    The defendant admits that the Provost denied the plaintiff's appeal.

145.    The allegations contained in Paragraph 145 are denied, except to admit that the plaintiff was expelled on May 28, 2012, and defendant refers to the plaintiff's transcript for the contents thereof.

146.    Defendant is unable to provide a response to the allegation that the Dean of Native Students was "removed" because it is barred by law from disclosing personnel information about its employees and former employees. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146.

147.    Defendant admits that Dean Miller adopted the UWC panel recommendation of expulsion after reviewing all relevant materials, including a statement provided by the plaintiff.

148-149.   Defendant admits that although the time for an appeal had run, Provost Polack permitted the plaintiff to pursue an appeal and to submit additional materials in support of his appeal.

150.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and therefore leaves the plaintiff to his proof.

151.   The defendant refers to the Factfinder's supplemental report for the contents thereof.  The defendant denies the remaining allegations contained in Paragraph 151.

152-153.   The allegations contained in Paragraphs 152 and 153 are denied.

154.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154, and therefore leaves the plaintiff to his proof.

155-156.   The allegations contained in Paragraphs 155 and 156 are denied.

157-159.   Defendant denies that it treated plaintiff differently because he is a Native American.

160.   Defendant is unable to provide a response to Paragraph 160 because it is barred by law from disclosing personnel information about its employees and former employees.

161.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, and therefore leaves the plaintiff to his proof.

162-169.   The allegations contained in Paragraphs 162 through 169 are denied.

170-171.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 170 and 171, and therefore leaves the plaintiff to his proof.

### First Cause of Action
*Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq.*
[By John Against All Defendants]

172.   The defendant incorporates by reference each answer to the paragraphs above as if fully set forth herein.

173.   Paragraph 173 contains a statement of law to which no response is necessary.

174.   The defendant admits that it receives federal funding.  The remainder of paragraph 174 states conclusions of laws to which no response is required.

175-178.   The allegations contained in Paragraphs 175 through 178 are denied.

### Second Cause of Action
*Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq.*
[By John Against All Defendants]

179.   The defendant incorporates by reference each answer to the paragraphs above as if fully set forth herein.

180-182.   Paragraphs 180 through 182 contain statements of law to which no response is required.

183.   The defendant admits that it receives federal funding.  The remainder of paragraph 183 states contains statements of laws to which no response is required.

184-187.   The defendant denies the allegations contained in Paragraphs 184 through 187.

### Third Cause of Action
*Breach of Contract*
[By John Against All Defendants]

188. The defendant incorporates by reference each answer to the paragraphs above as if fully set forth herein.

189. Paragraph 189 contains a statement of law to which no response is required.

190-193. The allegations contained in Paragraphs 190 through 193 are denied.

### Fourth Cause of Action
*Promissory Estoppel*
[By John Against All Defendants]

194. The defendant incorporates by reference each answer to the paragraphs above as if fully set forth herein.

195. Defendant refers to the Yale Student Handbook and Undergraduate Regulations for the contents thereof.

196-200. The allegations contained in Paragraphs 196 through 200 are denied.

### Fifth Cause of Action
*Negligence*
[By John Against All Defendants]

201. The defendant incorporates by reference each answer to the paragraphs above as if fully set forth herein.

201. (sic) Paragraph 201 contains a statement of the law to which no response is required.

203. (sic) -204. The allegations contained in Paragraphs 203 and 204 are denied.

>
> THE DEFENDANT
> YALE UNIVERSITY
>
>
> BY:   /s/ Patrick M. Noonan (#ct00189)
>       Patrick M. Noonan
>       Colleen Noonan Davis (#ct27773)
>       Donahue, Durham & Noonan, P.C.
>       741 Boston Post Road
>       Guilford, CT 06437
>       (203) 458-9168
>       pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

>
> /s/
> Patrick M. Noonan