UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-01608 (AVC) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, Et Al | : | |
| | : | JUNE 30, 2017 |
| Defendants | : | |

**LOCAL CIVIL RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 16, a conference was held on June 8, 2017. The participants were:

*For Plaintiff:*

Frederick M. O'Brien, Esq.
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
203-393-3017
fobrien@pattisandsmith.com

Gary Kurtz, Esq.     (Pro Hac Vice)
30101 Agoura Court, Suite 130
Agoura Hills, CA 91310
818-884-8400
gary@garykurtzlaw.com

*For Defendant:*

> Patrick M. Noonan, Esq.
> Colleen N. Davis, Esq.
> Donahue, Durham & Noonan, P.C.
> 741 Boston Post Road
> Guilford, CT 06437
> 203-458-9168
> pnoonan@ddnctlaw.com; cdavis@ddnctlaw.com

Complaint Filed in California State Court:  April 23, 2015

Complaint Served:  August 24, 2015

Action removed to District Court, Central District of California: November 4, 2015

Action transferred from California to Connecticut District Court: November 6, 2015

Amended Complaint filed in Connecticut District Court: June 15, 2016

Defendant's Appearance in Connecticut District Court:  November 09, 2015

Defendant's Answer filed in Connecticut District Court: March 7, 2017

## I.     <u>CERTIFICATION</u>

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.      **JURISDICTION**

     A.      **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1332.

     B.      **Personal Jurisdiction**

Personal jurisdiction is not contested by Defendant in the District of Connecticut.

III.     **BRIEF DESCRIPTION OF CASE**

     A.      **Claims of Plaintiff**

Plaintiff , John Doe, a student at Yale University, brings claims for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq. and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., alleging that defendant, Yale University, discriminated against him based on his gender, race, and national origin when it expelled him from the University before conducting an investigation into allegations that he violated Yale's sexual misconduct policy and without ever conducting an investigation, requiring the alleged victim to testify, or considering relevant evidence as required by its own policies.

     B.      **Defenses and Claims of Defendant**

Defendant denies all of the plaintiff's claims. Defendant did not discriminate against the plaintiff; it properly followed all of the University's procedures in addressing the complaints made against plaintiff and in disciplining plaintiff.

IV.   **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.    In January, 2012, plaintiff was a junior at Yale University.

2.    Defendant, Yale University, is an educational institution located in New Haven, Connecticut.

3.    On January 15, 2012, a female Yale University student ("Accuser") sent an email to University Wide Committee Chair, Michael Della Rocco, alleging that the plaintiff had sexually assaulted her on January 13, 2012.

4.    By statement dated February 10, 2012, plaintiff responded to the Accuser's allegations stating that the sex was consensual.

5.    A fact finding investigation was conducted.

6.    The factfinder submitted her report on March 29, 2012.

7.    A hearing before the UWC was conducted on May 12, 2014.

8.    In its May 20, 2014 report, the UWC Panel concluded that plaintiff had sexually assaulted the Accuser student in violation of Yale's sexual misconduct policy and recommended expulsion.

9.    By email dated June 4, 2014 email, plaintiff filed a formal appeal of Dean Miller's decision to expel plaintiff.

10.    On July 24, 2014, plaintiff's appeal was denied.

**V.** **CASE MANAGEMENT PLAN**

**A.** **Standing Order on Scheduling in Civil Cases**

The parties request Scheduling in Civil Cases as set forth below.

**B.** **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.** **Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.      The plaintiff requests an early settlement conference. Defendants do not believe settlement is likely at this time.

3.      If and when a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.** **Joinder of Parties and Amendment of Pleadings**

1.      Plaintiff shall be allowed until September 1, 2017, to file motions to join additional parties and/or amend the pleadings.

2.      Defendant shall be allowed until 30 days after service of any amended complaint to answer or otherwise respond to any amended complaint and to file motions

to join additional parties.

**E.      Discovery**

     1.     The parties anticipate that discovery will be needed on all subjects and issues fairly arising out Plaintiff's claims for violations of Title IX of the Education Amendments of 1972 and Title VI of the Civil Rights Act of 1964, and the issue of Plaintiff's damages.

     2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 15, 2017 and completed (not propounded) by November 27, 2018.

     3.     Discovery will be conducted in phases, with expert disclosure to follow depositions of fact witnesses.

     4.     Discovery will be completed by November 27, 2018.

     5.     The parties anticipate that Plaintiff will require a total of 10 depositions of fact witnesses and that Defendant will require a total of 8 depositions of fact witnesses. The depositions of fact witnesses will commence by September 1, 2017 and be completed by March 1, 2018.

     6.     The parties anticipate requesting permission to serve more than 25 interrogatories.  The parties stipulate that each party may serve 50 interrogatories without further leave of Court.

     7.     The parties have not agreed on a schedule for discovery with regard to disclosure and deposition of expert witnesses. The parties have each proposed different

schedules, as follows:

    a.    **Plaintiff's proposed expert schedule,**

The plaintiff proposes simultaneous disclosure of expert witnesses as follows:

- The parties will make their initial designation of trial experts with reports due August 31, 2018;

- The parties will then simultaneously designate rebuttal experts no later than October 31, 2018;

- All expert depositions will be completed by November 27, 2018.

    b.    **Defendant's proposed expert schedule.**

The defendants propose, consistent with longstanding practice in the District of Connecticut, that plaintiff's experts be disclosed and deposed before defendant's experts are disclosed and deposed, in accordance with the following schedule:

- Plaintiff's expert reports will be prepared and produced to all counsel no later than June 1, 2018;

- Plaintiff's experts will be deposed no later than September 4, 2018.

- Defendant's expert reports will be prepare and produced no later than October 1, 2018;

- Defendant's experts will be deposed no later than November 27, 2018.

9.    A damages analysis will be provided by the plaintiff no later than November 1, 2017.

10.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

a.      Plaintiff shall take all reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiff's possession, custody or control, for the time period commencing January 15, 2012 and continuing through and including the date of trial.

b.      Defendant shall take all reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendant's possession, custody or control, for the time period commencing January 15, 2012 and continuing through and including the date of trial.

11.     Undersigned counsel have discussed discovery procedures that

minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

      a.    If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved.  If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it.  If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim.  The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the

information until the claim is resolved.

**F.    Dispositive Motions**

Dispositive motions will be filed no earlier than September 4, 2018 and no later than December 27, 2018.

**G.    Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.    <u>TRIAL READINESS</u>**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

LAW OFFICE OF GARY KURTZ
A Professional Law Corporation


BY:_____/s/_____
Gary Kurtz, Esq. (pro hac vice)
Law Office of Gary Kurtz, a PLC
30101 Agoura Court, Suite 130
Agoura Hills, California 91301
(818) 884-8400 Phone
(818) 884-8404 Fax
gary@garykurtzlaw.com

10

Frederick M. O'Brien (CT08989)
Pattis & Smith LLC
383 Orange Street, 1st Floor
New Haven, CT 06511
(203) 393-3017 Phone
(203) 393-975 Fax
fobrien@pattisandsmith.com

Attorneys for Plaintiff John Doe

THE DEFENDANT
YALE UNIVERSITY

BY:_____/s/_____
    Patrick M. Noonan (#ct00189)
    Colleen Noonan Davis (#ct27773)
    Donahue, Durham & Noonan, P.C.
    741 Boston Post Road
    Guilford, CT 06437
    (203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan